LEMMON v. THE CHICAGO & NORTHWESTERN R. R. Co.

1. Railroad: LIABILITY FOR STOCK KILLED. A railroad company is required to use only ordinary and reasonable care and diligence in maintaining and keeping in repair a fence which it has constructed along the line of its road; and it will not be liable for stock killed on its road, unless it has failed to exercise such ordinary care in the repair of the fence where the stock came through on to the road.

2. —— EVIDENCE. Any evidence tending to establish the exercise of such care in respect to the maintenance of the fence is admissible on the part of the company.

*Appeal from Clinton Circuit Court.*

THURSDAY, JULY 27.

THE plaintiff claims of defendant damages for the alleged killing of a colt by defendant, at a point on its road where

defendant had a right to fence, and occasioned, it is alleged, by reason of the neglect of defendants to maintain and keep in repair said fence. The defendant denies that the said animal was injured by reason of the neglect of defendants to maintain and keep in repair the said fence, and alleges that the fence between the premises of the plaintiff and the railroad was, at the time of the injury, a good, lawful and sufficient fence.

Trial by jury. Verdict and judgment for plaintiff. Defendant appeals. The necessary facts are stated in the opinion.

*E. S. Bailey* for the appellant.

*Jno. C. Polley* for the appellee.

DAY, Ch. J.—I. It was shown upon the trial that the defendant had fenced its road at the point where the injury 1. RAILROAD: occurred. The principal questions made at liability for stock killed. the trial, under the issue, were as to the sufficiency of the fence, and whether the injury resulted from the neglect and failure of defendant to maintain and keep it in repair. Upon this branch of the case the defendant asked the court to instruct the jury as follows: " After a railroad company has fenced its road on both sides thereof, at all points where it has a right to fence, with a good and lawful fence, then it is required to use only ordinary and reasonable care and diligence to maintain and keep the same in repair; that is, such care as a reasonable and ordinarily prudent man would use in keeping his own fences in repair under similar circumstances." Plaintiff's counsel concedes that this instruction embraces " a sound legal principle," and thus relieves us from an examination of its correctness. It is, however, in harmony with the general principle recognized in the case of *Aylesworth* v. *C. R. I. & P. R.*, 30 Iowa, 459. The position of appellee's counsel is, that the above instruction is substantially

Lemmon v. The Chicago & Northwestern R. R. Co.

embraced in those given by the court. In this we think he is in error. All of the instructions given by the court recognize the principle that a railroad company can avoid liability for injuries to live stock, only by proving that it has, in fact, *maintained* a suitable fence to keep such stock from going on to its road.

They entirely ignore the doctrine that the exercise of any degree of diligence, failing to secure such absolute perfection, can exonerate from liability. Hence the instruction asked should have been given. This view sufficiently discloses our opinion as to the obligations cast upon the defendant by law, and renders a separate examination of the other instructions asked by defendant unnecessary.

II. The plaintiff having introduced evidence tending to show the entire insufficiency and want of repair of the fence in question, the defendant introduced one John H. Rice, and asked him the following question : " What was the condition of the fence in question between the railroad and Simmon's pasture, at the time of, and shortly prior to, the time of the accident in question ? "

The plaintiff's objection to this question was sustained, and the defendant excepted. In this there was error. However satisfactorily and convincingly the plaintiff's evidence may establish a given condition, the defendant ought not to be refused permission of proving the opposite condition.

The ground of objection to this question is not stated, but, from subsequent objections made to similar questions, it would seem to be that the evidence offered " was not confined to the panel which was down at the time of the accident." We have seen, however, that reasonable and ordinary care in maintaining the fence is all that the law requires. The condition of other panels than the one down at the time of the accident might have a very important bearing upon the question of the exercise of such care.

Vol. XXXII. — 20

III. The witness, John H. Rice, having testified to the making of certain repairs upon the fence in question, was asked by defendant, "How many posts did you put into that fence at that time?" "How many new boards did you put on that fence at that time?" "What condition did you leave the fence in that day?" These questions were objected to by plaintiff, and were not allowed to be answered. Of these several rulings of the court the defendant complains.

If, as plaintiff concedes, reasonable care and diligence exonerates defendant from liability, we are unable to perceive upon what principle the evidence tending to establish such diligence and care could be withheld from the jury.

Certainly the efforts put forth to keep the fence in repair should have been shown in order that the jury might determine whether they were reasonable and proper. And the adequacy of these efforts to attain the end proposed could not be better shown than by proving the condition of the fence on the day upon which the injury was incurred. Several other questions were asked other witnesses, and falling within the principle already discussed, were excluded. We cannot say that these several rulings have worked the defendant no prejudice. As the case now stands, the evidence shows very clearly the insufficiency of the fence. What it would have shown, had the excluded evidence been admitted, we are unable to say.

At all events, the condition of the fence is a question of fact for the jury, and, in order to its determination, the evidence of both sides bearing upon it should have been laid before them.

Reversed.