Phillips v. Oystee.

PHILLIPS v. OYSTEE.

1. Fences: REQUISITES OF LAWFUL FENCE. A fence of a less height than four feet and six inches may, under section 1544 of the Revision, be a lawful fence if it affords equal strength and security to the inclosure.

2. —— EVIDENCE. In a contest respecting the lawful character of such a fence, the opinion of the fence viewers as to its sufficiency is admissible in evidence.

*Appeal from Montgomery Circuit Court.*

FRIDAY, JULY 28.

. ACTION of replevin to recover the possession of certain cattle. Defense that the cattle were taken by defendant while trespassing upon his land, and within his inclosure protected by a lawful fence, and were in his possession as trespassing animals. The answer claims judgment for a return of the property, and also for a judgment for the amount of defendant's damages and expenses sustained on account of the trespass of the cattle. Verdict and judgment for plaintiff. Defendant appeals.

*Frank M. Davis* for the appellant.

*Beeson & Wells* and *C. E. Millard* for the appellee.

BECK, J. — An issue was presented to the jury as to the sufficiency of defendant's fence, under the statute pre-

1. FENCES: requisites of lawful fence. scribing the character of a structure which shall be considered a lawful fence, the plaintiff claiming that such a fence must be of the height of four feet and six inches, while defendant insists that a fence or structure of less height may be lawful, when it is equal in strength and security to the inclosures to the fence prescribed by the statute, which fact is to be determined by the fence viewers.

The defendant introduced evidence to prove the character and materials of which his fence is constructed, and then offered to prove by each of the township trustees (the fence viewers) who had, at the request of defendant, officially examined the fence, that "it was of equal strength and security to the inclosure of the defendant in question, as a fence constructed of strong materials, put up in a good and substantial manner, with sufficiently small spaces

Phillips v. Oystee.

between the materials composing said fence, and raised to the height of four feet and six inches." Upon objection of plaintiff the court refused to permit the introduction of the evidence.

The court instructed the jury to the effect that a fence to be lawful must be of the height of four feet and six inches. The questions arising upon these rulings of the court will only be considered.

I. Section 1544 of the Revision is in these words: "Any fence, constructed of strong materials, put up in a good and substantial manner, with sufficiently small spaces between the materials composing said fence, and raised to the height of four feet six inches, shall be considered a lawful fence, or such other construction or fence as may, in the opinion of the fence viewers, be of equal strength and security to the inclosure, shall in like manner be considered lawful."

The first clause of this section prescribes what shall be a lawful fence by the use of general directions rather than specific terms as to the material and manner of construction. The height of the fence is particularly mentioned. The last clause provides that a fence, or construction of equal strength and security, shall be considered lawful. It is plain that the legislature intended the fence first described to be a standard of strength and security; that any other structure that would equal it in these qualities should be lawful. The requirements in the standard need not necessarily be found in the structure compared with it. If all the qualities of the fence are equal as to strength and security to the standard, it is lawful. This is equally applicable to height as to other matters. The statute does not provide that a structure, equal in strength and security, must be of the height of the standard. We conclude, therefore, that any structure, whatever may be its height, if it be of equal strength and security with the standard, is a lawful fence. The spirit and the object of the law fur-

nishes an unanswerable argument in support of this construction. The design of the law is to provide security to the inclosed fields of landowners. If a structure three feet high will furnish the security required by law, why require it to be built higher? If a fence of a peculiar construction affords the security contemplated by law, whatever may be its height, it must be concluded a lawful fence.

The view of the law, taken by the circuit court in the instructions, is therefore erroneous.

II. Was the evidence of the fence viewers, offered by defendant, competent? The answer is readily found in 2. —— evidence. the statute. If any structure, in the opinion of the fence viewers, is equal in strength and security to the standard prescribed, it is a lawful fence. The law makes it the duty of these officers to examine fences concerning which there may be disputes in certain cases. The object of such examination is to determine the rights of parties. If the conclusion, the opinion which they form upon such an examination, is not competent evidence in an action wherein these rights are involved, then would these official determinations be of no avail. It is, doubtless, intended to have some force and effect, which cannot be given it unless it be proved. What effect this evidence should have, we do not determine, neither do we hold that it is conclusive as an official adjudication between the parties. That it is competent appears clear, and this is the point we now decide.

The evidence offered, in our opinion, was erroneously excluded. The judgment of the circuit court is

Reversed.