HILLIARD v. THE C. & N. W. R'Y CO.

1. **Fence:** WHAT MAY CONSTITUTE. A steep bluff, a hedge, a ditch or the like which furnishes as effectual security to the inclosure as the fence prescribed by statute, may be regarded as a lawful fence.

2. **Railroad:** LIABILITY FOR STOCK KILLED. Before a railroad company will be held liable for stock killed on its track by reason of its failure to keep in repair its fence along the right of way, it must be shown that it had knowledge, actual or implied, that the fence was out of repair, and a reasonable time thereafter to put it in repair.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION to recover double the value of two heifers and one steer, alleged to have been killed by the defendant's engine and cars, by reason of its failure to fence its road, where it had a right to fence, affidavit of loss having been served thirty days before action brought, and no payment made. The

answer of defendant is in denial. The plaintiff amended his petition by averring that the cattle were injured by the defendant's engine and cars so as to be worthless, and were afterward killed by the defendant's agents. The allegations of this amended petition were also specifically denied. The cattle were appraised at $50, upon which the plaintiff had received $5 from defendant's agent, as the net proceeds of the hides, etc. There was a jury trial, and verdict and judgment for plaintiff for $45. The defendant appeals.

*Baldwin & Wright* for the appellant.

*Sapp, Lyman & Hanna* for the appellee.

COLE, J.—There was a direct and spirited conflict in the testimony. As the fourth instruction given by the court sets out the claim of the plaintiff as to the facts, and which his testimony tends to establish, and for the further reason that the defendant assigns error upon the giving of that instruction, it is here set out in full, to-wit:

4th. "If, therefore, you find from a preponderance of the evidence that on the 10th day of October, 1871, the said two yearling heifers and yearling steer of the plaintiff, while standing, or running, on the track of said company's railroad, about one-fourth of a mile west of said Honey Creek Station, in this county, were struck by a locomotive attached to and drawing a train of loaded freight cars of the defendant, going west, about 2 o'clock P. M., and thereby were so injured that they could not survive, and were, for that reason, by direction of said defendant's lawful agent, soon after killed, to shorten their suffering, then you will next inquire whether said railroad was fenced there, and, if so, in what manner and at what precise point said cattle may have obtained entrance within said fence and upon the track of said railroad; also the nature and condition of said fence when and where they may have entered. And in this connection you are instructed that if you find from the evidence that on the east side of said railroad, at a point about one mile west and south of said Honey

Creek Station, and immediately north of what is known as
'Steer Hollow,' there is an elevation of the earth, commonly
called ' a bluff,' and you further find that in the construction of
the said railroad defendant excavated a portion of said bluff, so as
to leave the front elevation of the same, at its nearest point to
said railroad, about four feet high on an average, and if you
further find that in fencing said railroad, the defendant, at a
point opposite to the north end of said bluff, so excavated
as aforesaid, broke the straight line of its said fence,
that at said last-named point it constructed a fence of the
length of three and a half panels, each panel sixteen feet
long, running east from said last-named point till it reached
the said bluff, after the same had been excavated as aforesaid,
and if you further find that said defendant, from the point
where said lateral, or side fence, joined said bluff on
the north side thereof, built no fence, as defined in my
second instruction, to the south side of said bluff, but instead
thereof adopted said bluff as a fence for their road between
those points for a distance of 1,200 feet, and you further find
that at the said south side of said bluff the defendant built
another lateral fence between said bluff, as excavated as afore-
said, to the main fence along said railroad, commencing again
at a point opposite the south end of said bluff, then such
intermediate space along said bluff and between said lateral, or
side fences, was not a fence in contemplation of law, and the
said lateral, or side fences between said bluff and the main line
of fence along said road were incident to, and necessitated by,
the adoption by the defendant of said excavated bluff as part
of the inclosure, or fence, for said road, then the defendant
thereby assumed the hazard of keeping said lateral, or side
fences, up at all times, and in good repair. And if you fur-
ther find from a preponderance of the evidence that the said
cross, or lateral fence, connecting the main or straight line
of the fence, on the east side of said road, with the said bluff
on the north side, or end thereof, as before stated, was, at 11
o'clock on the morning of the 10th of October, 1871, four feet
six inches high, and constructed of posts and boards of ordi-

nary strength, and you further find that said heifers and steer of the plaintiff came to and upon said railroad track through a gap occasioned by the knocking down of the upper portion of the middle panel of said side fence, from some unknown cause, then the defendant is liable to the plaintiff for the value of said heifers and steer, as you may find such value to be from the evidence, less the credit of $5, given in the petition, and you should return a verdict in his favor therefor less said credit."

While we do not hold the instruction to be illegal or erroneous because of its great length and very specific particularity of detail of facts for the jury to pass upon, yet we unhesitatingly express our disapproval of it in these respects. But aside from these, the instruction embodies two errors of law: *First:* It declares, as a matter of law, that the bluff between what is called the "lateral or side fences" was not a fence. Whereas, our statute (Rev. 1860, § 1544) specifies what shall be a lawful fence, and then further enacts that "such other construction or fence as may, in the opinion of the fence viewers, be of equal strength and security to the inclosure, shall, in like manner, be considered lawful." Our statute upon the subject of fences (Rev. 1860, ch. 61) provides for certain cases wherein the fence viewers, the township trustees, are to determine, in the first instance, the sufficiency of the fence. But the question of the sufficiency of a fence to afford equal strength and security when it arises in an action, is to be determined like any other fact in the case. *Phillips* v. *Oystee*, 32 Iowa, 257; *Quinton* v. *Van Tuyl*, 30 id. 554. And we see no good reason why a bluff, a hedge, a trench, a wall, a trestle or the like, may not be of equal security with the statutory defined lawful fence, and if so found in fact it would, under the statute, be a lawful fence.

*Second :* It declares that if "said heifers and steer of the plaintiff came to and upon said railroad track through a gap occasioned by the knocking down of the upper portion of the middle panel of said side fence, from some unknown cause, then the defendant is liable to the plain-

1. FENCE.

2. RAILROAD.

tiff for the value of said heifers and steer." Whereas it has been held by this court that while a railroad company is liable for stock injured or killed on its track by reason of its failure to keep in repair the fences which it has erected on the line of its road, yet before such liability will attach the company must have knowledge, either actual or implied, that the fence is out of repair, and a reasonable time after such notice to put it in repair. *Aylesworth* v. *The C. R. I. & P. R. Co.*, 30 Iowa, 459. The instruction made the defendant liable, although it had no knowledge that the fence had been knocked down, and was guilty of no negligence whatever, respecting it.

It is urged, however, by the counsel for appellee, that these errors are without prejudice to appellant, because the jury should have found for the plaintiff in any event. But, as we have before stated, there was conflict in the evidence respecting the matters stated in the instruction, and we could not be justified under our rule in such cases, in setting aside a verdict for defendant upon the evidence.

What has been said substantially disposes of all the errors assigned. The second and third instructions given should have been refused, since they contain the same errors as shown in the fourth. And for the same reasons, the fourth, fifth, seventh, eighth and ninth instructions asked by defendant should have been given.

Reversed.