DAVIS v. THE C., R. I. & P. R. CO.

1. **Estoppel:** RAILROADS: DOUBLE DAMAGES. In an action against a railroad company for killing stock, where the affidavit of injury alleged that it occurred because the defendant had "fenced up the crossing," it was *held*, that the affidavit would estop plaintiff to claim double damages, which the statute allows only for "want of fence."

2. **Railroads:** FENCES: LIABILITY FOR STOCK. To charge a railroad company with injuries to stock, occasioned by the defective condition of the fences along its line, it must be shown that the company knew the fence was out of repair and had a reasonable time to repair it. Following *Aylesworth v. The C., R. I. & P. R. Co.*, 30 Iowa, 459.

*Appeal from Muscatine Circuit Court.*

FRIDAY, MARCH 19.

ACTION to recover for killing, by locomotive and train, three colts, one span of mares, and one mule, worth $475. The

plaintiff averred that the animals were killed at a point where the defendant had the right to fence, and had fenced in fact, but permitted the fence to get out of repair, and so remain after due notice; that thirty day's notice in writing of the killing and damages had been served upon defendant, and no payment had been made, and plaintiff asked double damages. It was also averred that defendant's track runs through plaintiff's farm; that defendant was required to make one good crossing, which it had refused to do, and that because of defendant's neglect to repair the fences, or to make a good crossing, the said stock went upon the track, and were killed. Plaintiff asks double damages. A copy of the notice of the killing, and affidavit of damages was annexed to the petition. The defendant filed an answer in general, and also in specific denial, and afterwards filed an additional answer, setting up an estoppel as to the claim for double damages because of the statement in the affidavit of damages, that the stock was at the place where killed, " by reason of fencing up the crossing by said railroad company, and not providing another in its stead, where the same passes through the premises of affiant;" in this answer the service of the notice and affidavit was admitted, and it was averred that, relying upon the statements of said affidavit, the claim for damages was founded on the alleged act of the defendant in fencing up the crossing and not providing another in its stead, etc., the defendant had not paid the damages within the thirty days, etc. The plaintiff demurred to this additional answer, because it constituted no defense to the claim for double damages, and it was sustained by the court. Upon a jury trial there was a verdict and judgment for plaintiff for $950. The defendant appeals.

*Richman & Carskadden*, for appellant.

*Cloud & Broomhall*, for appellee.

Cole, J.—I. The affidavit of the injury to the stock, which was made by the plaintiff himself, set forth " that said animals were not on the track of said railroad company by any fault of his, or any procurement of his, but were there by reason of fencing up the

1. ESTOPPEL: railroad: double damages.

crossing by said railroad company, and not providing another in its stead where the same passed through the premises of affiant." The additional answer pleaded this affidavit of injury as an estoppel upon plaintiff as to his claim for double damages, and it set forth specifically the fact of the notice, its service, the reliance of defendant upon its statements as to the reason of the killing, and the failure to pay within thirty days, because thereof. The demurrer admitted these averments. The statute only gives double damages when the stock has been injured or killed " by reason of the want of such fence or fences " aforesaid." Laws of 1862, Ch. 169, Sec. 6; Code, Sec. 1289. The plaintiff, by his affidavit, showed the killing to have been by reason of fencing up the crossing. For this the defendant would not be liable for double damages, and might safely neglect for thirty days to pay the damage. The case seems to be entirely within the doctrine of estoppels, and the court therefore erred in sustaining the demurrer. *Lucas v. Hart*, 5 Iowa, 420. But this estoppel would not exclude evidence of the actual condition of the fences, for the purpose of recovering the value of the animals killed.

II. The court instructed the jury that " if said stock escaped, or went upon defendant's said road because of the defective condition of defendant's fence, or fences along its said road, including gates or bars therein, then defendant would be liable for the value of the said stock injured or destroyed in consequence of the defective condition of said fence, bars or gates, and plaintiff may recover double the value of said stock so destroyed, if notice was given, and payment refused as aforesaid." This instruction wholly overlooks the rule of law in such cases, as settled by this court in *Aylesworth v. The C., R. I. & P. R. Co.*, 30 Iowa, 459. It was there held that it is the duty of railroad companies to keep up the fences after they are made; and for a failure to do this they are liable. But before such liability would attach, in the absence of wrong on their part, they must have knowledge that the fence is out of repair, and a reasonable time thereafter to put it in repair. This instruction and the others given, should have been so modified as to conform to the rule

settled in that case. See also, *Dewey v. The C. & N. W. R'y Co.*, 31 Iowa, 373; *Lemmon v. The C. & N. W. R'y Co.*, 32 Iowa, 151; *Perry v. The D. & S. W. R. R. Co.*, 6 Iowa, 102. These two propositions substantially dispose of all the questions made in the case.

REVERSED.