## BRENTNER v. THE C. M. & ST. P. R. Co.

1. **Railroads**: INJURY TO STOCK: FENCES: EVIDENCE. Evidence of the character and kind of a fence, where it is claimed the cattle of the plaintiff escaped from his enclosure and went upon the defendant's right of way, at a time subsequent to the injury, is not admissible, without showing there had been no change in its condition since the injury,

2. ——: ——: DOUBLE DAMAGES: NOTICE OF LOSS: PROOF OF. Proof of service of the notice and affidavit of loss required by statute to be served upon the defendant, to entitle the plaintiff to double damages, may be made by copies or duplicate originals, without serving notice upon the defendant to produce the originals.

3. ——: ——: ——: ——: AFFIDAVIT OF SERVICE. Whether the *exparte* affidavit of service, attached to the duplicate originals by the person serving the same, is admissible as proof of such service, *quære*.

4. ——: ——: DEFECTIVE FENCE: LIABILITY. Where a sufficient fence was erected to keep the cattle from the right of way, and it became defective without the fault of the company, no liability attaches for an injury occurring on account of such defect, unless the company had knowledge or by the exercise of reasonable care could have learned of the defect, and had reasonable time to make repairs; and this consideration should have been submitted to the jury.

*Appeal from Cerro Gordo Circuit Court.*

SATURDAY, JUNE 10.

ACTION to recover double damages for certain cattle alleged to have been killed by one of the defendant's trains where it had a right to fence. There was a trial to a jury, and a verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Geo. E. Clark* and *M. B. Cary*, for appellant.

*Miller & Cliggitt*, for appellee.

ADAMS, J.—I. The defendant introduced as a witness one Randall, and offered to show by him what was the character

1. RAILROADS: INJURY TO STOCK: FENCES: EVIDENCE.

and kind of fence, where it was claimed that the plaintiff's cattle escaped from the enclosure and went upon the defendant's right of way. The

plaintiff objected, unless it was shown to be at the time of the injury or a reasonable time before it. The court sustained the objection, and the defendant excepted.

The material inquiry of course was as to the condition of the fence at the time of the injury. Evidence of its condition at a subsequent time was admissible only as a means of showing its condition at the time of injury. But the evidence offered could not be used as such means without showing that there had been no change in the condition. Randall testified that the time when he saw the fence was subsequent to the injury, but how long subsequent he did not say, nor was it shown that no change had taken place in the meantime. We think that the court did not err.

II. A question was raised as to the proof of service of the notice and affidavit of loss required by statute to entitle the plaintiff to double damages. The service if made, was made

2. ——: ——: by one Summer, who made an affidavit to the double damages: notice effect that he served a notice and affidavit of of loss: proof of. loss upon the defendant's station agent by reading them to him and leaving the same with him; duplicate originals of which were annexed to his affidavit. The papers introduced in evidence were the so called duplicate originals to which the affidavit of service was annexed. The defendant objected upon the ground that the papers were inadmissible without first having called upon the defendant to produce the notice and affidavit read to, and left with, the defendant's station agent. The defendant relies upon *McNaught v. C. & N. W. R'y Co.*, 30 Iowa, 336; *Cole v. C. & N. W. R'y Co.*, 38 Id., 311; *Campbell v. C. R. I. & P. R. R. Co.*, 35 Id., 334.

The doctrine of those cases is that the service cannot be made by leaving a copy of the affidavit of loss, but must be made by leaving the original. What was served in this case was without question the original, if what the plaintiff claims was served was in fact served. The question presented is, as to whether the original papers left with the defendant's agent are

to be deemed the best evidence and all other evidence secondary. If so the plaintiff was not entitled to introduce the evidence which he did, without first showing that he had notified the defendant to produce the papers left with its agent.

The doctrine is familiar that where a person seeks to give evidence of the contents of an instrument he must produce the original or account in some way for its non-production. But the papers in question were not, we think, *instruments* in such sense as would justify us in applying the rule above mentioned. It has been repeatedly held that proof of the service of a notice can be made without notice to the other party to produce the notice served. *Atwell v. Grant*, 11 Md., 101; *Central Bank v. Allen*, 16 Me., 41; *Eagle Bank v. Chapin*, 3 Pick., 180; *Falkner v. Beers.*, 2 Doug. (Mich) 117; *Leavitt v. Lines*, 3 N. H., 14; *Morrow v. Commonwealth*, 48 Penn. St., 305. See, also, 1 Greenleaf on Ev., § 561. Now while one of the papers in this case was an affidavit, it falls, we think under the same principle. It was a mere amplification of the notice by a sworn statement of the truth of the matters of which the defendant was notified. The papers introduced were said to be duplicate originals. If so they must have been equivalent to an exact copy which is the essential idea; and as such copy they were admissible as a means of discribing the papers served.

One other question is raised by the defendant in this connection. The evidence of the service consisted of the so called duplicate originals, with an *ex parte* affidavit indorsed thereon showing service by the affidavit. The defendant contends that even if the duplicate originals were admissible the *ex parte* affidavit was not.

3. ——: ——: affidavit of service.

The question here presented admits of some doubt, and we might not be agreed in regard to it. The judgment must be reversed upon other grounds, which we will point out hereafter, and as the question will not probably arise upon another trial, we omit to determine it.

III.   The court instructed the jury, in substance, that the defendant would be liable if it failed to erect and maintain a fence sufficient to keep cattle from its right of way, and the cattle were injured by reason of such failure.

4. ——: ——:
defective
fence : lia-
bility.

The defendant excepted to the instruction, because it precluded from the jury the consideration as to whether the ·defect in the fence was occasioned by a want of repair, and if so, whether the defendant had discovered that it was out of repair, or should have discovered it in the exercise of reasonable care, and had had a reasonable time afterward to make the repair.

The rule undoubtedly is, that where a fence has been properly constructed, and has become defective without the fault of the company, no liability attaches for an injury occurring on account of the defect, unless the company has discovered it, or should have discovered it in the exercise of reasonable care, and had had reasonable time to make the repair. *Aylesworth v. C., R. I. & P. R. Co.*, 30 Iowa, 459; *Perry v. D. S. W. R. Co.*, 36 Id., 102; *Davis v. C., R. I. & P. R. Co.*, 40 Id., 292; *McCormick v. C., R. I. & P. R. Co.*, 41 Id., 193. There was evidence in this case tending to show that the fence was a barbed wire fence, and had been properly constructed, but that some of· the wires had become loose, and had been so for a considerable time.   There was other evidence tending to show that the fence was in good condition a short time before the injury, and that the roadmaster·and section foreman, who were charged with the duty of superintending fence repairs, had exercised all the care that could properly be required.   Now, while it may be that there was a strong preponderance of evidence in favor of the plaintiff upon this point, as he contends, the evidence was not without conflict, and we think that the question as to the knowledge, care and diligence of the defendant should have been submitted.   In this respect it appears to us that the court erred.

REVERSED.