## Dunn v. The C. & N. W. R. Co.

1. **Railroads:** INJURY TO STOCK: RIGHT TO FENCE: EVIDENCE. In an action against a railway company to recover double damages for stock killed, where it had the right to fence but failed to do so, the testimony of a witness who stated what he had seen and knew in relation to the locality, and the condition of the fence where the stock went upon the railroad track, was not hearsay or based upon the opinion of the witness.

2. ———: ———: FAILURE TO REPAIR FENCES: NOTICE: INSTRUCTIONS. The court instructed the jury that the company was not liable, unless there was negligence in failing to repair the fences within a reasonable time after notice of their defective condition was had. *Held:*
    1. That the further instruction asked, that the burden of proof was upon the plaintiff to show such negligence, was unnecessary.
    2. That it was not required such notice should be given by the plaintiff, in order to be binding upon the defendant.

3. **Practice:** INSTRUCTION NOT PERTINENT TO ISSUE. An instruction asked, not pertinent to any issue in the case, was properly refused.

*Appeal from Pottawattamie District Court.*

### Tuesday, June 13.

ACTION to recover double the value of one heifer, one mare and one yearling filly killed by a train upon defendant's railroad, at a place where defendant had a right to construct fences, but failed to do so. There was a verdict and a judgment for plaintiff for double the value of the mare and filly. Defendant appeals.

*Hubbard & Clark* and *Mynster & Adams*, for appellant.

*Robert Percival*, for appellee.

BECK, J.—The case may briefly be disposed of, by considering the objections made by defendant, in the order of their statement presented in counsel's argument.

I. A witness gave testimony relating to the place where

the stock went upon the railroad track, and the condition of

1. RAILRODS: injury to stock : right to fence : evidence.

the fences, to which objection was made on the ground that it was hearsay or based upon the opinion of the witness. The objection is not supported by the facts disclosed by the record. The witness related what he had seen and knew from his acquaintance with the locality. Defendant's abstract shows the witness stated that he "made no examination as to how the mare and filly got on the railroad." Plaintiff's amended abstract, which is not denied and must therefore be taken as true, shows that the witness testified that he did make such an examination.

II. The refusal of the court to give certain instructions asked by defendant is the ground of complaint.

The 6th instruction refused relates to the protection to the railroad track afforded by a bluff to which the railroad fence was built. The substance of this instruction is found in the fourth given, which is in accord with *Hilliard v. The C. & N. W. Ry. Co.*, 37 Iowa, 442.

III. An instruction asked by the defendant is to the effect that defendant is not liable for fences that were not in repair,

2. ——: —: failure to repair fences : notice: instruction.

unless it had notice thereof and a reasonable time to repair them, and that the burden of proof rests upon plaintiff to show such negligence. In an instruction given by the court the jury are directed that defendant is not liable unless there was negligence in failing to repair the fence within a reasonable time after notice of the defective condition was had. The jury would understand that the burden of showing negligence rested upon the plaintiff. Surely they would not expect defendant to prove it. The court substantially informed them that such negligence must be shown; their common sense would teach them that the proof should come from the plaintiff.

IV. An instruction asked by defendant is to the effect that if plaintiff or his son knew the fence was defective and failed to notify defendant, plaintiff could not recover.

The court directed that defendant should have notice of the

condition of the fences if out of repair. It cannot be claimed that such notice, to be binding upon defendant, must be given by plaintiff, his agent or servant. Yet this is the effect of the instruction refused.

V. The 12th instruction asked by defendant directs the jury that defendant is not liable for failure to construct a cat-

3. PRACTICE: instructions not pertinent to issue.

tle guard at a private crossing. As there was no claim in any form that defendant was liable because there was no cattle guard the instruction was not pertinent to the issue.

VI. It is insisted that the verdict is in conflict with the evidence. We think there is not such want of proof as to require the reversal of the judgment. We have sufficiently considered all errors argued by counsel. The judgment of the Circuit Court must be

AFFIRMED.