PATTEN v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

| 75 | 459 |
|----|-----|
| 78 | 567 |
| 75 | 459 |
| 124 | 176 |
| 6124 | 177 |

**Railroads:** FENCING TRACK AGAINST STOCK: SNOW-DRIFTS OVER FENCES. It is not negligence for railway companies to allow snow-drifts to remain over their fences, so that they do not serve the purpose of restraining stock from crossing over them into their right of way.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, OCTOBER 11, 1888

ACTION to recover double the value of a colt owned by plaintiff which was killed by a train on defendant's road at a place where it had the right to fence its track. There was a judgment on a verdict for plaintiff. Defendant appeals.

*Taylor, Healy & Sherman* and *Marks & Mould,* for appellant.

*Brennan & Sullivan,* for appellee.

BECK, J.—I. There was evidence tending to prove that the colt, to recover the double value of which the action is brought, went upon the track of the railroad by crossing the fence built by defendant, upon the snow, which was of such depth or was so drifted as to be nearly as high as the fence. The district court directed the jury that, "if the fence was sufficient as originally constructed, and became temporarily defective by reason of the snow drifted against the fence, then the company would not be liable until a sufficient time thereafter had elapsed for the company to have discovered the defect, and remedy the same before the injury," and refused an instruction in this language: "1. The law does not require railway companies to keep their fences along their right of way clear of snow-drifts, nor to build, keep and maintain such fences at any specified height above the height of the top of such snow-drifts; nor is it negligence on the part of railway companies to allow snow-drifts to remain drifted over their fences so that they do not serve the purposes of restraining stock from crossing over them into their right of way."

II. In these rulings, or instructions, the district court held that the defendant was liable as for the absence of a fence along its track, or the insufficiency thereof, when the snow was drifted or fell to such a depth that cattle could cross over the fence on the snow, after sufficient time had elapsed to enable defendant to discover such snow and snow-drifts, and provide a remedy for the exposure of the railroad thereby. The

Patten v. The Chicago, M. & St. P. Ry. Co.

district court regarded the snow and snow-drifts as defects in the fence, and that unlawful delay or neglect in remedying them would render defendant liable as for failure to maintain a sufficent fence. We are of the opinion that these views of the question are incorrect.

III. The defendant is charged with the duty of erecting fences, or, rather, is liable for double damages in cases of this character, if it omits to erect fences. But its duty and liability is recognized by the law to the end that live stock may be kept from its track. It is required to do no more than to erect such fences as under ordinary circumstances will secure the protection intended. It is not required to build fences which will resist the power of the elements, or are so high that the snows of our winters will never cover them. Fences of the character and height required by the statute for the control of live stock ought to be constructed by the railroads. It would be unreasonable to require them to build fences of a different character. Nor can the railroads be required to do that which the farmers never attempt, namely, to remove the snow and drifts from their fences. Other questions in the case need not be discussed, as the judgment, for the errors pointed out, must be

REVERSED.