ISAAC McCRACKEN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

RAILWAYS: KILLING STOCK: VERDICT SUSTAINED BY EVIDENCE: ALLOWING TRIAL AMENDMENTS, WHEN PROPER: POINT ONCE CHARGED NEED NOT BE REPEATED.

*Appeal from Van Buren District Court.*—HON. JOSEPH C. MITCHELL, Judge.

THURSDAY, MAY 17, 1894.

PLAINTIFF's action is in two counts. In his original petition he states as his cause of action, in the first count, that, "at a point on said road where the same crosses the public highway," the defendant negligently injured three of his colts. He charges "that, at the point where said injury occurred, said railroad was not properly constructed, and not so-connected with the cattle guards as to prevent cattle, horses, and other live stock, from getting onto the railroad track; that it was so negligently constructed that the stock on the public highway were driven into and upon said railroad, and prevented from escaping therefrom." He further charges that defendant was negligent in the management of the train by which the colts were injured, in not whistling or causing any alarm, and in running at a high and negligent rate of speed. Plaintiff. stated, as his

second cause of action, that the defendant carelessly and negligently let fire escape from its right of way, and burned and destroyed one stack of hay and six acres of meadow belonging to plaintiff. Before answer, plaintiff amended the first count of his petition, withdrawing the words "said road," and alleging "that the injury was done at or near said point, but not on the road, but on the railway track east of said crossing, and said cattle were at large, and driven as alleged on the track east of said crossing, where defendant had a right to fence; that said road was not properly fenced with cattle guards at said point." The defendant having joined issue, the case proceeded to trial; and after the evidence was all introduced and the argument begun, the plaintiff filed a further amendment to said first count, wherein he strikes out of his former amendment to said first count the words "but not on the road, but," and amends so as to read "at the crossing, or on the railway track east of said crossing," Plaintiff also filed a further amendment, by leave of court, alleging that the injury to his colts "was caused by the failure of the defendant to fence at the point where said stock entered upon said railway, and where the defendant had a right to fence." Defendant's motion to strike these two last amendments, upon the ground that they changed the issues, was overruled, to which the defendant excepted. The jury returned a verdict in favor of the plaintiff for one hundred and ninety-one dollars and ninety-one cents, and answers to three special findings. Defendant's motion for a new trial was overruled, and judgment entered on the verdict, from which judgment the defendant appeals.—*Affirmed.*

*Thomas S. Wright, Robert Mather*, and *Sloan & Brown* for appellant.

*McCoid & Johnson* for appellee.

GIVEN, J.—I. Plaintiff was entitled to recover if the injuries to his colts were caused either by defendant's failure to properly fence its track where it had a right to fence, or because of a negligent management of the train in the respects alleged. The defendant was not required to and had no right to fence its track at the highway crossing; hence if the injuries were on the crossing, plaintiff could not recover because of a failure to fence, but might recover if the injuries were caused by negligent management of the train. The first count, as amended before the trial, charged the injury to have occurred on the track east of the crossing, where defendant had a right to fence; that the railroad was not properly constructed, and not so connected with the cattle guards as to prevent animals from going on the railroad track; and that it was not properly fenced with cattle guards at said point. The charge that the injuries were caused by negligent management of the train remained without amendment, and the issues tendered in the first count as amended were that the colts were injured east of the crossing, where defendant had a right to fence, and because of its failure to do so, or, if injured on the crossing, it was because of the negligent management of the train. The amendments complained of did not change these issues. The first alleges

that the injuries were inflicted at the crossing, or on the track east of it; and the other, that the injuries were caused by a failure of the defendant to fence at the point where the colts entered upon the track, and where defendant had a right to fence. We think there was no substantial change of the issues by these amendments that could have worked any surprise or prejudice to the defendant; therefore there was no error in overruling the motions to strike these amendments.

II. At the conclusion of the evidence on behalf of the plaintiff, the defendant moved for a verdict on both counts. On the conclusion of all the evidence, defendant again moved for a verdict on the first count, on the ground that the undisputed evidence showed that the defendant was not liable, and was not guilty of any negligence causing or contributing to the injury of the colts. These motions were overruled, of which appellant complains. As the two motions rest largely upon the same grounds, as to the first count, they will be disposed of together. It is unnecessary that we here set out or discuss the evidence at length. It is sufficient to say that, under it, it is questionable whether the colts were injured on the highway crossing, and in consequence of negligent management of the train, or whether they were injured east of the crossing, and whether defendant's track was sufficiently inclosed to prevent the colts from going onto the track east of the highway. There is a noticeable conflict in the evidence as to whether the train could have been, by the exercise of care, stopped in time to have avoided the injury to the colts.

The fire complained of was not set out by sparks from a locomotive, but by the hands engaged in clearing the right of way. Appellant contends that there is no evidence that these employees were negligent in setting out the fire, or in permitting it to escape. This, we think, was also questionable, under the evidence. These were all questions for the jury to determine; therefore there was no error in overruling defendant's motions for a verdict.

III. The instructions given in relation to plaintiff's first count consist of twenty-one paragraphs, as to most of which errors are assigned and discussed, and also to the refusal to give the thirteen paragraphs asked by the appellant. Our examination of these instructions leads us to the conclusion that the objections are largely based upon a misapprehension of the instructions given. The highway by which the colts approached the crossing is parallel with the railway for some distance, and near the crossing turns south across the track. In fencing, a small triangular shaped piece of ground, within the right of way, immediately adjoining the east line of the highway, was not included within the right of way fence, but left open with the highway. The right of way fence, instead of extending to the line of the road, was turned south to the east cattle guard, thus leaving this triangle. The petition charged that this prevented animals from escaping from the crossing. The court did not instruct, as claimed, that appellant was required to fence all of its right of way outside of the highway, but did instruct that, if the failure to fence all of its right of way, evidently referring to this triangle, caused or contributed to cause the injury to the colts, the plaintiff was entitled to recover. While the man-

ifest purpose of the statute is to require the track, rather than all of the right of way, to be fenced, it surely is not intended that, by leaving out a part of the right of way, traps may be made at highway crossings that will prevent animals running at large from escaping from passing trains.

IV. In respect to the alleged negligent management of the train, the court instructed as follows: "And, in determining this question, you should consider that it is the engineer's duty to sit on the right side of his cab and look ahead, and the fireman's duty to shovel coal into the furnace and keep up the fire, and, when not so engaged, sit on the left side of the cab and look ahead for obstructions and dangers." Appellant complains of other paragraphs of the charge wherein the court said that it was the duty of both the engineer and fireman to keep a sharp lookout; that after the fireman or engineer had reason to believe that the train would strike the colts unless checked in its speed, and that, by reasonable efforts, they could have checked it, it was their duty to do so. In short, the complaint is that the court did not express in each instruction the distinction between the duties of the engineer and of the fireman, and that the fireman was not required to look for obstructions while firing. Their respective duties were sufficiently emphasized in the instruction quoted, and the others must have been understood in the light of that instruction. It is also complained that the instructions make it the duty of the fireman to stop the train. The instructions will not bear such construction only in the sense in which it was the duty of the fireman to notify the engineer of any reasons that he might discover for checking the train. We have examined the instructions with care, in the light of the argument, and fail to discover any prejudicial error in those given, or in the refusal to give those asked. What we have said fully disposes of the case, and our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.