JACOB WIRSTLIN, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellant.

**Railroads:** NEGLIGENCE: PLEADINGS: EVIDENCE. Where there is a
1 general allegation of negligence immediately followed by the specific acts relied upon, the evidence should be limited to the exact charges

of negligence and an issue not thus specifically pointed out should not be submitted to the jury.

**Negligence:** STANDARD OF CARE: INSTRUCTIONS. It is the duty of a railroad company to exercise ordinary care and prudence in the construction of gates at private crossings, and to provide such as are reasonably sufficient to prevent stock from going upon its tracks, and failure to instruct as to the proper standard of care is erroneous.

**Same.** A railway company is not chargeable with negligence in failing to repair a gate at a private crossing, until it has had either actual or constructive notice of the defects and sufficient time to make the repairs, and both these questions are for the jury.

*Appeal from Linn District Court.*— Hon. W. N. Treichler, Judge.

TUESDAY, MAY 10, 1904.

ACTION at law to recover damage for stock killed by defendant company, due, as is alleged, to defendant's negligence in failing to construct and maintain a sufficient gate in its fence at a private crossing on plaintiff's land. Defendant interposed a general denial, and on the issues thus joined the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*J. C. Cook* and *H. Loomis,* for appellant.

*Redmond & Stewart,* for appellee.

DEEMER, C. J.— The alleged grounds of negligence were as follows: " That said gate in said line fence on the south side of said crossing and right of way was carelessly and negligently constructed and maintained; that the same was old and rickety, the nails in the cross-pieces thereof had become loosened and extracted by the shaking thereof; that there was no cross-piece nailed on the supporting posts on either side of said gate, that the only fastening of said gate, as origi-

nally constructed, consisted of a notch cut in the lower side of an inch board, which projected beyond the end of the gate, designed to pass between the gatepost and its stayer, and thereby being held in position by the weight of the gate, and preventing the same from sliding back by reason of the action of winds or of stock rubbing against it; that at the time alleged and prior thereto, to wit, for four months, that part of said extended board beyond where the notch had been cut had been split and broken off even with the depth of said notch, entirely destroying the same as a fastener; that the bearing surface of said extended board had become worn smooth by constant friction on said cross-piece in opening and shutting said gate, rendering said gate liable to be slid back from its position and ajar by the action of the winds and of stock rubbing against it; that said condition of said gate was well known to the defendant, its agents, servants, and employes, and that in the exercise of ordinary care on the part of said defendant, its agents, servants and employes, said condition would have been discovered; that the defendant was guilty of negligence in failing to repair and keep said gate in a good and sufficient condition to the plaintiff's damage, as alleged in his original petition herein — all without any contributory negligence or fault, on the part of the plaintiff." There is no doubt that three cows and one colt belonging to the plaintiff escaped through the gate in question, went upon defendant's right of way, and were killed by a passing train. The case was submitted to a jury under instructions hereinafter to be considered, resulting in a verdict and judgment for plaintiff, and defendant appeals.

While a great number of points are argued by appellant, we do not find it necessary to discuss more than one, and that the correctness of the instructions given by the trial court. So far as material to our present inquiry, they read as follows: " (1) The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the gate in question was not properly constructed or kept in repair and

maintained by the railway company, and that by reason thereof plaintiff's horses were injured or killed.   (2) The law requires the defendant railway company to construct and maintain proper and sufficient gates at private crossings, and you are instructed that if you find from the evidence that the defendant, through its agents or employes, failed to construct a proper and sufficient gate at the private crossing in question, and that by reason of such defective construction plaintiff's horses were injured or killed by a passing train, then defendant is guilty of negligence, and is liable to plaintiff for the damages sustained.   If you find from the evidence that the gate was originally constructed in a proper manner, but you find that it became out of repair, and that the defendant, in the exercise of reasonable care, could have known of such condition, and failed to properly maintain the same, the defendant is negligent; and, if plaintiff's horses were injured or killed by reason of such defective condition of the gate in question, plaintiff should recover.   (3) If you find that the gate was, as originally constructed, proper and sufficient, and was at the time of the alleged accident in proper and sufficient repair, then defendant has fully complied with the law, and plaintiff cannot recover.   (4) The law does not require that the defendant shall put in gates that will absolutely turn all stock, and the fact that the horses — if you so find — did pass through the gate does not of itself establish the fact that said gate was insufficient, or not properly constructed and maintained; but you may consider such evidence with all the other evidence in determining whether the gate was proper and sufficient at the time of the alleged accident.   (5) The only evidence for your consideration as to the original defective construction of the gate is the evidence that the gate opened towards the right of way instead of towards the field where the stock was kept.   Whether this fact, if proven, is of itself a defect in the construction of the gate, is for your determination."

The petition does not allege in express terms that defend-

ant was negligent in so constructing the gate as that it opened

1. NEGLIGENCE: pleadings; evidence. toward the right of way, instead of toward the field, where the stock was kept; but appellee contends that there was a general allegation of negligence in the petition, that this evidence was admissible under this general allegation, and that in any event it was proper to show the construction of the gate. Testimony was, of course, admissible tending to show the general construction of the gate, the manner in which it opened, the materials of which it was constructed, and the kind of fastenings used, in order that the jury might determine whether or not the defendant was negligent in the construction of the gate; but the defendant was not to be charged with any other negligence as to the construction of the gate than that alleged in the petition. The evidence to which we have referred was also admissible in order that the jury might determine whether or not the alleged negligence was the proximate cause of the injury. In view of the peculiar allegations of the petition, we think the court should have limited the inquiry to the exact charges of negligence. *Manuel v. C. R. & St. P. R. R.,* 56 Iowa, 655; *Carter v. K. C. R. R.,* 65 Iowa, 287; *Miller v. C. & M. R. R.,* 66 Iowa, 364. While we have held that a general allegation in a petition that defendant was negligent in a certain particular is sufficient, in the absence of a motion for a more specific statement (*Scott v. Hogan,* 72 Iowa, 614), yet where this general allegation is immediately followed by a recitation of the specific acts of negligence relied upon the plaintiff will be confined to those acts, and the general allegation will be controlled by the particular ones counted upon. See *McNanamee v. M. P. R. R.,* 135 Mo. 440 (37 S. W. Rep. 119); *Omaha Co. v. Wright,* 49 Neb. 456 (68 N. W. Rep. 618); *Carter v. R. R.,* 65 Iowa, 287; *Snyder v. Wheeling Electrical Co.,* 43 W. Va. 661 (28 S. E. Rep. 733, 39 L. R. A. 499, 64 Am. St. Rep. 922); *Armstrong v. Ackley,* 71 Iowa, 76; *East Tenn. Co. v. Daniel,* 100 Tenn. 65 (42 S. W. Rep. 1062). The reason for this rule is ap-

parent. Such a petition is in no event demurrable, and a plaintiff whose pleading of this character is attacked by a motion for a more specific statement might very well retort, " This motion is without merit, for that the exact grounds of negligence are set forth in my petition." This rule is peculiarly applicable here, because of the allegations of the petition. It follows that the court should not have submitted the manner of the opening of the gate as the negligence charged in the petition.

II. The instructions are also erroneous for the reason that the standard of care required of the defendant is nowhere given. The language used as to the original construction of the gate is that defendant was required to construct and maintain a proper and sufficient gate, and that, if it failed to do so, it was negligent. In the fourth instruction some qualification is made, but, following that instruction through, it will be observed that the defendant was still bound to construct and maintain a gate which was proper and sufficient at the time of the alleged accident. Even as to the manner of the opening of the gate the jury was left to decide whether or not it constituted a defect in the construction of the gate. Nowhere is the measure of duty which defendant owed to plaintiff stated, even by inference, except that it was bound to provide a proper and sufficient gate. The jury might well have concluded that the gate was not proper and sufficient, simply because it did not restrain plaintiff's stock; although the stock may have broken down a gate which was sufficient in law. As to defendant's duty to repair a gate which was properly constructed, the rule given by the court was that, if it became out of repair, and defendant, in the exercise of reasonable care, could have known thereof, and failed to properly maintain the same, it was negligent, and plaintiff might recover, provided the horses were killed by reason of the defective condition of the gate.

Plaintiff's action was bottomed on defendant's negligence. Now, negligence has two elements: First, a duty

from the person charged therewith to the person injured;

**2. Negligence: standard of care; instructions.** and, second, a breach of that duty. By the instructions quoted, defendant was charged with the duty of maintaining proper and sufficient gates at private crossings. The standard of care required in this respect was nowhere given. Indeed, the jury might well have concluded, under the instructions, that this was an absolute duty, whereas the true rule is that defendant must exercise ordinary care and prudence in the construction of gates, and provide such as are reasonably sufficient to prevent live stock from going upon its tracks. If it constructs such as are reasonably sufficient to confine animals of ordinary disposition, it has performed that duty.

As to repairs of gates, which, although properly constructed in the first instance, have become defective by reason of use or decay, the rule is that a railway company will not become liable unless it

**3. Same.** has actual notice of the defects, or ought, in the exercise of reasonable care, to have had notice, and a sufficient time has elapsed within which to make the repairs. Notice may, of course, be inferred from lapse of time, and the question of notice and of reasonable time for repair or reconstruction is for the jury. These rules have support in the following, among other cases: *Mears v. C. & M. R. R. Co.*, 103 Iowa, 203; *Patten v. C., M. & St. P. R. R.*, 75 Iowa, 459; *Shellabarger v. C., R. I. & P. R. R. Co.*, 66 Iowa, 18; *Wait v. B. C. K. & N. R. R.*, 74 Iowa, 207; *Brentner v. R. R. Co.*, 58 Iowa, 625; *Davis v. R. R. Co.*, 40 Iowa, 292; *Lemmon v. R. R. Co.*, 32 Iowa, 151; *Aylesworth v. C. R. & P. R. R. Co.*, 30 Iowa, 459; *Payne v. K. C., St. J. & C. B. R. R.*, 72 Iowa, 214; *Hilliard v. C. & N. W. R. R. Co.*, 37 Iowa, 442. In the *Aylesworth, Hilliard,* and *Brentner Cases* it is held that, when a fence is properly constructed, and becomes defective without the fault of the company, no liability attaches for an injury occurring on account of such defect, unless the company has discovered it, or should have discovered it in the exercise of

reasonable care, and has had a reasonable time to make the repairs before the accident occurred.   And in the *Patten,* *Shellabarger, McKinley,* and *Payne Cases* the holding is that a railway company should provide a gate which is reasonably safe and sufficient for the purpose for which it is constructed, and that, if constructed in such a way as a man of usual and ordinary prudence would consider safe and sufficient to be used in the place and for the purposes intended, it is all that is required.

The instructions did not present these rules to the jury, and in failing to do so were manifestly prejudicial, and the judgment must therefore be REVERSED.