STATE EX REL. COOK ET AL., RELATORS, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,569.)

(Submitted May 11, 1936. Decided June 1, 1936.)

[58 Pac. (2d) 273.]

*Mr. Howard Toole, Mr. William T. Boone* and *Messrs. Toomey, McFarland & Chapman,* for Relators, submitted a brief; *Mr. E. G. Toomey* argued the cause orally.

*Mr. S. C. Ford* and *Mr. Sam Goza, Jr.,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of prohibition. In the petition it appears that relator Board of Fire Underwriters of the Pacific (hereinafter called "the board"), is a voluntary association, the members or associates of which are various fire insurance companies doing business as fire underwriters in one or more states in the territory comprising the Rocky Mountain and the Pacific Coast states, including the state of Montana; that its headquarters are located at San Francisco, California; that it is not, and never has been, a resident of Montana; that

relator Charles W. Cook is an employee and agent of the board, i. e., its district secretary for the district of Montana; that relator Frank Sullivan is an employee of the board; and that neither Cook nor Sullivan ever has been a member or associate of the board.

The Miller Insurance Agency, a corporation, filed a petition in the district court of Lewis and Clark county, respondent herein, seeking the perpetuation of the testimony of Cook, Sullivan and others therein named. The petition was formulated in accordance with the provisions of section 10687, Revised Codes of 1921, which provides the manner of perpetuating the testimony of witnesses. It stated that petitioner expected to be a party to an action against the board, and that the testimony sought to be elicited was necessary and material to the establishment of the anticipated action. Thereafter the respondent court issued an order for the requested perpetuation of testimony, and designated a notary public residing in Butte, Montana, as the officer before whom the examination should be made. The order also provided that there should issue a subpoena *duces tecum,* directing Sullivan, Cook, one C. F. Badger, and others to appear at the examination, and to have with them for examination certain letters, telegrams, etc., which had passed between them and the board over a specified period of time, and all books, records and correspondence of and between the witnesses named and the board. The order further provided that "notice be given to the Board of Fire Underwriters of the Pacific, a California corporation, by service of a copy of this order and of the petition herein upon said proposed defendant at least five days before the day fixed for the examination of the witnesses."

Thereafter a notice of the hearing, the subpoena *duces tecum,* and a copy of the petition were served upon Cook, Sullivan and Badger. Subsequently the mentioned parties and the board made a special appearance in the matter by way of motions to quash service. These motions were supported by the affidavits of Cook, Sullivan and Badger, and were predi-

cated principally upon the proposition that no member or associate of the board had ever been served with the petition, order, notice, or subpoenas or copies thereof, either personally, by publication, substituted service or in any manner at all. Likewise, and for similar reasons, motions were interposed to quash the subpoenas *duces tecum,* notices, etc. The motions to quash were all denied by respondent court.

Relators thereupon made application to this court for a writ of prohibition commanding the respondent court and the notary to cease and desist from further proceedings until such time as valid service shall have been made upon the board. They contend that in making the order the respondent court acted beyond its powers and jurisdiction, that no jurisdiction was obtained over the board, and that the respondent court is without power, authority or jurisdiction to proceed to the taking of the testimony of the witnesses, and that the respondent notary is without power, authority or jurisdiction to take such depositions or hear any matter in connection therewith.

As stated by relators in their brief, the only question to be determined here is whether service of notice on Cook was sufficient to bring the board within the jurisdiction of the court so as to authorize the taking of testimony in the manner proposed. They admit the doing of business in this state, within the meaning of that term enunciated by this court in the recent case of *State ex rel. Taylor Laundry Co.* v. *District Court,* ante, p. 274, 57 Pac. (2d) 772. They also admit that Cook is the agent of the board for the transaction of business in this state. In their petition he is described as district secretary for the district of Montana. They contend, however, that service upon him did not suffice; that such service must have been made upon at least one member of the board in order to constitute valid and sufficient notice to the board as expectant party defendant.

Relators also contend that, since section 10687, Revised Codes 1921, does not expressly provide for the perpetuation of testimony in the case of a nonresident person, the local

courts have no jurisdiction to accomplish that purpose, and that the inquirer must proceed to the domicile, of such person. We are unable to so construe that section. No authority is cited to us which would sustain such a view. As we interpret the section in question, the only jurisdictional requisite is the contemplation of an action in a court of this state, irrespective of the domicile of the expectant party defendant. Of course, notice must be given. The section so provides. The only question, then, necessary for determination here concerns the kind of notice required; and, in passing upon this question, we must direct our attention to two sections of our Code.

Section 9111 provides that "the summons must be served by delivering a copy thereof, as follows: * * * 2. If the suit is against a foreign corporation, or a nonresident joint-stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state, to such agent, cashier, or secretary." Section 9089 provides that, "when two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates."

In order to maintain their position, relators attempt to distinguish between a service upon the agent of a foreign corporation pursuant to section 9111—as made in the case of *State ex rel. Taylor Laundry Co.* v. *District Court,* supra—and a service upon the agent of an association, such as attempted in this case. They argue that associations of this kind are regarded as partnerships, so far as capacity to sue and be sued is concerned; and that a partnership has no existence independently of the partners and does not occupy the status of a legal entity. Accordingly they claim that section 9089 is controlling here, that, in accordance therewith, service must be made upon "one or more of the associates," and that section 9111 has no application in this case. Respondents, on the other hand, take the position that section 9111 is applicable

and controlling, and that, in accordance with that section, service upon the agent Cook was sufficient to subject the board to the jurisdiction of the court.

We are of the opinion that the contention advanced by respondents in this regard is correct. Section 9089 is practically identical with section 388 of the California Code of Civil Procedure. In the annotation following the California section, several cases are listed as sustaining the proposition that the section is permissive, not mandatory, and that "it is an addition to the existing method of bringing suits against associations or partnerships, not a substitute for the same." (See Kerr's California Code Civ. Proc., sec. 388.)

It is true, as relators suggest, that in most respects a partnership constitutes but a relation with no legal being distinct from the members who comprise it. (*State* v. *Yegen*, 74 Mont. 126, 238 Pac. 603.) However, "for some purposes a partnership is regarded as an entity." (20 Cal. Jur. 680.) Thus in the last-cited work it is stated that "for the purposes of section 388 of the Code of Civil Procedure [corresponding to section 9089, supra] allowing associates in business under a common name to be sued by it and their joint property bound by the judgment, a partnership is regarded as a legal entity, distinct from its members, against which judgment may be entered." Likewise, 3 California Jurisprudence, 358, speaking of section 388, supra, states: "The statute authorizing suits against unincorporated associations by their common name recognizes an unincorporated association as a distinct legal entity against which the association obligations may be enforced."

It is also worthy of note that California has a statute practically identical with our section 9111. It appears as section 411 of the California Code of Civil Procedure. About this section and its relation to section 388, the following statement appears in 3 California Jurisprudence, 359, 360: "When an unincorporated association is sued by its common name, the summons may be served on one or more of the associates [cit-

ing sec. 388]; and such service constitutes a service on the association. * * * The Code provides that when suit is brought against a foreign association doing business within the state, summons must be served upon the secretary, cashier, or managing agent of the association''—citing section 411.

From the foregoing it is manifest that, as between section 9089 and section 9111, the latter section is, in the circumstances of this case, the applicable and controlling section. We are dealing here with the question of how service of a notice may be made upon a nonresident association doing business in this state. Section 9111 specifically provides for the service of summons in such cases; and it seems clear that, in an action against the relator board, summons might, under the provisions of that section, be properly served upon Cook as its managing agent or secretary in this state.

It is true that section 9111 pertains particularly to the service of summons. We know, however, of no reason or authority for holding that the service of the notice involved in this case upon the agent of the association is void and ineffective, when a service of a summons against the same defendant and in the same manner would suffice to subject the defendant board to the jurisdiction of respondent court.

We are also unable to agree with relators' contention that the word ''association,'' as used in section 9111, is modified by the word ''joint-stock.'' The language of that section does not require or warrant any such strained construction. The provisions of the section to which we have referred manifest an intent to make all types of foreign associations, as well as corporations and stock companies, subject to the jurisdiction of our courts by service upon an agent doing business for them within this state. Thus associations similar to the one here involved are sometimes treated as quasi-corporations, and, as such, they are subject to many of the rules applicable to corporations, including rules relating to the service of process and notices. (See 1 Morawetz on Private Corporations, sec. 6; *State ex rel. Railroad & Warehouse Commission* v. *Adams Ex-*

*press Co.,* 66 Minn. 271, 58 N. W. 1085, 38 L. R. A. 225; *Hamilton* v. *Delaware Motor Trades Inc.,* 4 W. W. Harr. (34 Del.) 486, 155 Atl. 595.) In the case of *Pacific Typesetting Co.* v. *International Typographical Union,* 125 Wash. 273, 216 Pac. 358, 32 A. L. R. 767, the supreme court of Washington held that under the Washington statute, practically identical with our section 9111, subdivision 2, service of summons might properly be made upon the agent of a foreign association doing business in the state.

On the whole, we are convinced that under the provisions of our statute the service as made upon the agent Cook was proper and sufficient to bring the board within the jurisdiction ▇ of respondent court. We are not impressed with the suggestion that section 9111, so construed, would be unconstitutional and in violation of the due process clauses of the Federal and State Constitutions (U. S. Amend. 14; Mont., Art. III, sec. 27). Such a contention was advanced, and rejected, in the case of *Appeal of Baylor,* 93 S. C. 414, 77 S. E. 59. (See, also, Wrightington on Unincorporated Associations, p. 96.)

Respondents have argued that this is not in any event a proper case for the issuance of a writ of prohibition. In view of our conclusions with respect to the validity of the service as made, it is unnecessary to consider this matter.

We hold that the service upon Cook, as agent of the board, was proper and effectual service for the purpose of subjecting the board to the jurisdiction of respondent court. It follows that the writ must be, and it is hereby, denied and the proceeding dismissed.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.