THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, *v.* JOHN F. DICKERSON, Appellee.

APPEAL FROM JACKSON.

A railroad company is not required to keep a patrol at night along the road, to see that the fence is not broken down. If the fence is sufficient, and all reasonable diligence is used to keep it up, the company will not be guilty of negligence in that particular.

THIS was an action commenced by appellee against appellant to recover the value of three animals, alleged to have been killed, upon the road of appellant. The action was commenced before a justice of the peace, and taken by appeal to the Circuit Court of Jackson county, where it was heard before JENKINS, Judge, without the intervention of a jury, the court finding against the corporation, and rendering a judgment against it for forty-eight dollars and costs. From this judgment the corporation appealed.

A witness stated that there was a gap in the fence near where the cattle were killed; that the company had fenced the road, and kept the fence up, and put up gaps, whenever the fence was found down. That he passed by the place where the fence was down on the evening before the animals were killed, after six o'clock, and the fence was all right. He also stated that the fence might have been down, and he not notice it, that it was the business of the witness to keep the fence, but that he did not think it was down the evening before the cattle were killed.

Another witness stated, that right close to where the cattle were killed, he had noticed before that, that the fence was not good—that a while before the accident he had observed that the fence was down, both north and south of the place where the cattle were killed, at places where ties had been hauled out—that he did not recollect whether he had seen the fence down at the place where the cattle were killed before or after they were killed, but had seen the fence down there.

HAYNIE & GREEN, for Appellant.

C. S. WARD, for Appellee.

CATON, C. J. The appellant's counsel is mistaken in the supposition that the proof does not show that the place where the cattle were killed was not in a town or village or at a road crossing. The proof does clearly show that at the place where the accident happened, the company was bound to maintain a good and sufficient fence.

If the fact were clearly established, that the fence was up, the night before, at the point where the cattle actually got in, we think that would be a sufficient compliance with the duty imposed by the law, which is, to maintain a good and sufficient fence. When up, the proof does not show that the fence at this point was not good and sufficient. It cannot be the duty of the railroad company to keep a patrol all night the whole length of their road to see that the fence is not broken down by breachy cattle, by evil men, or by a whirlwind. If the company use all reasonable diligence to keep up the fence, that is all the law requires, and it is not guilty of negligence in that particular. Although the proof in this case tends to show, that the fence was up the night before, it is by no means of so conclusive a character as to require us to set aside the finding of the court below, for that reason. The foreman in charge of the repairs of the road at that point, whose duty it was also to keep up the fence, first states that

he passed down the road about six o'clock the night before, and that the fence at the point where the cattle got in was then up, and that at six o'clock the next morning he found it down, and put it up. He afterwards states that it might have been down the night before, but that he did not see it down, and he thinks it was not. This shows that he depended on his general observation, and that his attention was not directed to this particular point; nor does he state that his mind was on the subject, and that he expressly examined the fence on his way down, to see that it was up. The witness Penrod says, that he had seen the fence down at that point, but . whether before or after the night in question he could not say. But as the witness Burnes says he put up the fence as soon as he found it down on the morning when the cattle were killed, this tends to fix the time when Penrod saw it down, as having been before that morning. At any rate the evidence tending to show that the fence was up the night before, is not sufficiently conclusive, to justify a reversal of the judgment for this cause.

The judgment must be affirmed.

*Judgment affirmed.*