PERRY v. THE DUBUQUE SOUTHWESTERN RY. CO.

1. **Railroad:** INJURIES TO STOCK: FENCES. A railroad company is required to use reasonable care and diligence in keeping up bars leading through the fence inclosing its right of way, and if, by reason of its failure to use such care, stock passes on to its road and are injured, it is liable in an action therefor.

2. —— But it would not be liable for such injuries if the bars through which the cattle passed on to the track had been left down by the plaintiff or a third person, unless they had continued for such a length of time or under such circumstances in this condition as to justify the inference of negligence on the part of the company in not seeing and putting them up.

3. —— The onus of proving facts justifying such inference is on the plaintiff; and whether the bars had been down for such a length of time as to require the defendant, in the exercise of a reasonable care, to have knowledge of such condition, is purely a question of fact for the jury, to be determined by them under all the circumstances of the case.

4. **Instructions:** MISLEADING. An instruction which, though embracing a correct legal principle, is nevertheless couched in such language as to naturally mislead the jury, should be refused.

*Appeal from Jones Circuit Court.*

FRIDAY, JANUARY 25.

ACTION in the circuit court of Jones county, upon an appeal from a judgment of a justice of the peace, for double the value of three calves killed by a train of defendant.

The answer avers that the railroad of defendant was prop-

erly fenced, and that the calves were killed without fault of defendant.

Jury trial. Verdict and judgment for plaintiff for $60.

Defendant appeals. The necessary facts are stated in the opinion.

*N. M. Hubbard* and *Stacy & Remley* for the appellant.

No appearance for the appellee.

DAY, J. — On the 17th day of October, 1870, the defendant's train ran over and killed three calves, the property of plaintiff. At the trial the defendant admitted that the calves were of the value of $10 each, and that affidavit and notice of the loss were served on defendant more than thirty days before the suit was commenced.

1. RAILROAD: injuries to stock: fences.

At the time of the accident the defendant's road was fenced. The calves were kept in plaintiff's field, from which they had access through bars to defendant's road, known as the "Joslin bars."

There was evidence showing that these bars were down at the time of the accident, and also tending to show that they never had been up until after the accident occurred. Thomas Kinney, an employee of the defendant, passed over the road in the morning, and saw the calves inside of the railroad fence, about eighty rods from the Joslin bars, but did not notice whether the bars were up. When he came back over the road he saw the bars down and the calves killed. Stock was frequently upon the track during the week before the calves were killed. The errors assigned are that the court erred in giving the third instruction, in refusing the instructions asked, and that the verdict is contrary to the evidence. The instruction given the jury, to which objection is taken, is as follows: "It is the duty of the railroad company to not only put up the fence and bars, but to see that they are kept in repair. If farm crossings are made and bars leading thereto, care must be used that

these bars are kept in repair. That they were left down by the proprietor of the adjoining land, or any third person, would not absolve the company from the duty of putting them up. Care and diligence is required at its hands to keep the bars up. If the requisite amount of care is used by the company, and injuries result from the act of the proprietor of the adjoining land or any third person in leaving the bars down, then the defendant is not liable, unless the cattle were killed by the gross negligence of the employees of defendant in running the train ; without such care it will be liable."

The objection made to this instruction is that it requires of defendant a greater degree of care and diligence than is proper. Emphasis is placed upon the last clause of the first sentence, and it is said the jury are instructed that it is the duty of the railroad company not only to put up the fences and bars, but *to see* that they are kept up and closed. And the inference is that the instruction means that any effort of the company falling short of actually *seeing* that the bars are kept up will not exonerate the defendant from liability. In our opinion the instruction taken as a whole and in connection with the other instructions given is not justly vulnerable to the criticism made upon it. In another part of the same instruction the jury are told that " care and diligence are required at its " (the company's) " hands to keep the bars up." And that if the requisite amount of care is used by the company, and injuries result from the act of any third person in leaving the bars down, the company will not be liable. And in another instruction the jury are told that " The care and diligence referred to in the third instruction means that degree of care which men of common prudence usually exercise in reference to their own affairs under like circumstances." With these qualifications it cannot, it seems to us, be fairly claimed that the rule of diligence demanded of the defendant was not properly presented to the jury.

II. Error is assigned upon the refusal of the court, at the instance of the defendant, to instruct the jury as follows :

" If the jury find that defendant built the bars and put them

up prior to the accident to plaintiff's calves, and they were left down by some person unknown, and thereby plaintiff's calves were killed, the plaintiff cannot recover unless he shows affirmatively that the bars had been down for such a length of time that defendant ought to have known it and put them up."

This instruction should have been given. Proof of the mere facts that bars in a railroad fence have been left down by some third person, and that through them cattle have strayed upon the track and been injured, does not make for the plaintiff a *prima facie* case. He must go further and show that the defendant was guilty of negligence in permitting them to remain down. Having built the fence, as the law requires, the leaving of bars therein down by some third person, over whom defendant has no control, is not an act which renders defendant liable. That liability, if it exists at all, arises from its conduct after the bars were left down, either in failing to put them up, after acquiring knowledge that they were down, or in neglecting to use reasonable diligence to ascertain such condition. And the burden of proving these facts is upon the plaintiff. *Aylesworth* v. *The Chicago, R. I. & P. R. Co.*, 30 Iowa, 459.

True the court instructed the jury that "in order to render the defendant liable on account of leaving the bars down * * it is sufficient to show that the bars were down for such a length of time that the company may reasonably be presumed to know the fact." The jury are properly told what proof will be *enough* to entitle the plaintiff to recover, but they are not told that proof of a less degree than this will be insufficient.

The defendant asked a specific instruction directing the jury that without such proof as the court referred to, the plaintiff could not recover. That it should have been given, see *Muldowney* v. *The Illinois Central Railway Co.*, 32 Iowa, 176.

III. The second instruction asked by defendant is as follows: "The defendant claims that the bars were up on the day before the accident; if you so find the plaintiff cannot recover." This instruction was properly refused. Whether the bars had

been down for such time as to require the defendant, in the exercise of reasonable care, to have knowledge of such condition, was a question of fact for the jury, to be determined under all the circumstances proved. The court could not instruct, as matter of law, that thirty-six or twenty-four hours would not be sufficient to affect the company with such knowledge, or render it liable for the want of it.

IV. The defendant further asked the court to instruct the jury as follows:

"The fact that an employee of defendant passed along the line of the railroad for the purpose, and charged with the duty of seeing that the track was safe for an approaching passenger train, on the morning that the calves were killed, and saw the calves within the fences and did not stop to drive them out and find where they got in, is not of itself proof of negligence on the part of defendant." This instruction embraces a correct legal principle, and yet, it is couched in such language that we cannot say that the court erred in refusing to give it. In a legal sense, *proof* signifies the *effect* of evidence, as contradistinguished from *evidence* which implies the medium or means of proof. But in ordinary language the terms are used inter-changeably, and the word "proof" is used when evidence only is meant. Now, while it is true that the facts stated in the instruction may not be *proof* of the defendant's negligence, yet it may well be considered as *evidence* tending to establish that fact. Inasmuch as the instruction might have been misunderstood by the jury, it was properly refused.

*4. Instructions: misleading.*

For the error of the court in refusing to give the first instruction asked by defendant, the judgment is

Reversed.