## George Stephenson v. The Grand Trunk Railway Company of Canada.

*Railroad fences: Destruction by fire: Repair: Unreasonable delay.* A railroad fence being discovered on fire about six or seven o'clock in the evening, and the section foreman, getting notice thereof at about eight o'clock that evening, having proceeded the next morning before six o'clock to repair the same as soon as practicable from the nearest materials belonging to the company, which were about half a mile distant, it was held the company were not guilty of a breach of their duty under the statute, to repair the same without unreasonable delay.

*Evidence: Reasonable diligence.* In an action to charge a railroad company for want of reasonable diligence in repairing the fence destroyed under such circumstances, it is not error to exclude evidence that the repairs might have been more quickly made of suitable materials which were near at hand, but which it is conceded did not belong to the company, and which were not shown to have been available to it for that purpose.

*Submitted on briefs June 9. Decided June 20.*

Error to St. Clair Circuit.

*C. R. Canfield* and *Mitchell & Avery,* for plaintiff in error.

*A. E. Chadwick* and *E. W. Meddaugh,* for defendant in error.

GRAVES, J:

About six or seven o'clock in the evening of December 15, 1874, one Woolen, who was in the company service, in passing down the track, discovered that the company's fence along the premises of Stephenson was on fire. Three or four lengths had been burned, and he threw down and turned out two lengths to stop the fire. The fence was along a field which had been theretofore used as a pasture; but according to hearsay evidence, given on the part of Stephenson himself, no cattle were in sight. Woolen's employment was on a section of the road farther east, and it was no part of his duty to see to the fence where the

STEPHENSON v. GRAND TRUNK R. W. CO.

fire happened.   He went, however, about eight o'clock the same evening and informed Mr. Guest, the foreman of the section, of the injury to the fence, and before six o'clock the next morning Mr. Guest proceeded to the spot, and after obtaining rails from a distance of half a mile, immediately repaired the fence.   In case the company had had materials at hand, the reparation could have been made in a few minutes.

As it was, the place remained open for the space of a few hours only, and then during the night time in December.   In this interval, however, plaintiff's cattle passed out and upon the track, and were killed by an engine.   They were worth seventy dollars.

Plaintiff sued the company before a justice for the injury, and the case was subsequently removed to the circuit court by appeal.   He rested his right there to recover upon the claim that the company did not use reasonable diligence under the circumstances in repairing the fence.   No other fault was imputed.   In adducing evidence to make out the want of diligence charged, he inquired of witnesses if there· were not suitable materials near by, and how long it would have taken to repair the fence with those materials, but he virtually conceded at the same time that the materials referred to were not owned by the company.   Under objection by the company, the court refused to allow the evidence unless the plaintiff would undertake to show the materials belonged to the company.   The ruling was not objectionable.   It was immaterial that suitable materials were at hand if they were not available to the company, and there was· no pretense that such as were there were so available.

It was not suggested at all, that any were kept there for sale, or that such as were near by were procurable, and certainly the company were not to commit a trespass by appropriating the fencing stuff of others, in order to discharge the duty incumbent to rebuild without unreasonable delay.

The court charged substantially that there was no evi-

dence of unreasonable delay in rebuilding, and finally directed a verdict for the company.    The jury so found.

It is unnecessary to repeat all the facts.    The most material have been referred to, and the others do not help the plaintiff's case.    Taken together they had no tendency to show negligent delay in rebuilding.

The judgment must be affirmed, with costs.

The other Justices concurred.