THE TOLEDO, CANADA SOUTHERN & DETROIT RAILWAY COM-
PANY v. CHRISTOPHER EDER.

*Railway companies— Fences.*

Act 198 of 1873 gives damages against a railway company for cattle killed
by reason of the company's negligence in not keeping up the fences
along its track.  *Held* that where the fences had been accidentally
destroyed by fire after the track inspector had made his daily inspec-
tion, and the fact was not known until after the injury had been done,
the company was not guilty of negligence.

Error to Monroe.    Submitted Jan. 4.    Decided Jan. 19.

CASE.    Defendant brings error.    Reversed.

*Frank H. Culver*, for plaintiff in error, cited as analogous
cases *Robinson v. Grand Trunk R'y* 32 Mich. 322; *Stephen-
son v. Grand Trunk Ry* 34 Mich. 323; and argued that the
company had not unreasonably delayed to repair its fences:
*Railroad Company v. Swearingen* 47 Ill. 206; a company is
not required to keep a patrol night and day: *Chic. & N. W.
Ry v. Barrie* 55 Ill. 226; *Ill. Cent. R. R. v. Dickerson* 27
Ill. 55, and is not liable until it has neglected to repair after
notice: *Chic. & Alton R. R. v. Umphenour* 69 Ill., 198; *Ayles-
worth v. Railroad Company* 30 Ia. 459; *Hilliard v. Rail-
way Company* 37 Ia. 442; *Davis v. Railroad Company* 40
Ia. 292; *McCormick v. Railroad Company* 41 Ia. 193;
*McDowell v. R. Co.* 37 Barb. 195; Whart. Neg. §§ 888–890.

*Ronan & Parker* and *J. C. Shields* for defendant in error.

GRAVES, J.    The railway track of the plaintiff in error
crosses Eder's farm, and on July 5, 1879, a small piece of the
fence built there by the company was accidentally destroyed
by fire, and some of Eder's cattle wandered through the gap
and were killed by a passing train.    Eder brought this action
against the company under the Act of 1873 (Laws 1873 p. 538),
to recover for the injury, and under the rulings of the circuit
judge the jury awarded damages.

There was evidence tending to show that the section foreman of the company, being the agent employed for that purpose, passed daily over the road to see that everything was in due condition, and that on the 5th of July, in discharging this duty, he passed the place in question about nine o'clock in the forenoon and saw that the fence was in good order; and that he did not discover the fire or know of it until the next morning. There was also evidence tending to show that the fire occurred about noon. In view of this evidence the counsel for the company requested an instruction that if the jury found that the fence was burned about noon on the 5th of July, and that the cattle were killed about six o'clock in the afternoon of the same day, the failure to repair the fence sooner than the next morning was not negligence on the part of the company. The judge refused the request, and after telling the jury that the company were entitled to reasonable time in which to restore the fence left it finally to them on the whole evidence to decide what would be reasonable diligence, and whether in fact there was or was not such diligence.

My brethren are of opinion that if the facts correspond with the hypothetical request it was a conclusion of law that the company were not guilty of the blame imputed by the declaration and that the instructions should have been given.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.