WAIT v. THE BURLINGTON, CEDAR RAPIDS & NORTH-ERN RAILWAY COMPANY.

74   207
124   176

1.   **Railroads**: STOCK KILLED ON TRACK : NEGLIGENCE AS TO CLOSING GATE : QUESTIONS FOR JURY.  In an action against defendant for the value of colts which went upon its track through an open gate in its fence, and were killed, *held* that the questions—what constituted the proper exercise of care in the case, and whether a failure to inspect the gate for three or four days, or for a longer or shorter time, was negligence, or whether the gate's being open for thirty-six hours would raise a presumption of negligence against the defendant, and charge it with knowledge that the gate was open, were properly submitted to the jury.  (Compare *Perry v. Dubuque S. W. Ry. Co.*, 36 Iowa, 102 ; *Bell v. Chicago, B. & Q. Ry. Co.*, 64 Iowa, 321.)

2.   —— : —— : DUTY TO CLOSE GATE.  In such case, *held* that it was defendant's duty to close the gate after obtaining knowledge that it was open, whether it was left open by its employes or others.   (See cases cited).

*Appeal from Keokuk District Court.*—HON. D. RYAN, Judge.

FILED, MARCH 12, 1888.

ACTION to recover under the statute double the value of two colts killed by a train operated upon defendant's railroad, at a place where it had a right to fence its track. There was a judgment on a verdict for plaintiff. Defendant appeals.

*S. K. Tracy* and *Boal & Jackson*, for appellant.

*Mackey & Fonda* and *G. D. Woodin*, for appellee.

BECK, J.—I. The evidence presented in the abstract shows that the plaintiff's colts, killed by defendant's

**1. RAILROADS:** stock killed on track: negligence as to closing gate: questions for jury.

train, escaped and went upon defendant's railroad track. There is evidence tending to show that they passed through a gate in the railroad fence, which appears to have been open at the time, and that it had been open for about thirty-six hours before the accident, which occurred early in the morning, or latter part of the night. The testimony also tends to show that the gate was not known to be closed for several days prior to the accident, and that the section-hands in charge of the road at that place were not required to pass over it more frequently than once a week, and their custom was to pass over it no oftener.

II. It is insisted by defendant's counsel that, as there was no proof tending to show actual knowledge on the part of defendant that the gate was open, the evidence fails to support the verdict. It is also insisted by counsel that the gate was not shown by the evidence to have been open for a length of time which would raise a presumption that it was known to the defendant. The defendant was required to exercise due care to keep its gate closed, and to obtain knowledge of its condition—that is, whether it was closed or open. If it failed to exercise such care, and through its negligence remained ignorant of the fact that the gate was open, it will be chargeable as having knowledge of that fact, which due care would have given it. Now, what constitutes the proper exercise of care, and whether a failure

to inspect the gate for three or four days, or for a longer or shorter time, is negligence, or whether the gate's being open for thirty-six hours will raise a presumption of negligence against defendant, and charge it with the knowledge that the gate was open, are matters for the determination of the jury. *Perry v. Dubuque S. W. Ry. Co.*, 36 Iowa, 102; *Bell v. Chicago, B. & Q. Ry. Co.*, 64 Iowa, 321. It was the duty of defendant to close the gate after gaining knowledge that it was open, whether it was left open by defendant's employes or by others. *Aylesworth v. Chicago, R. I. & P. Ry. Co.*, 30 Iowa, 459; *Perry v. Ry. Co., supra; Davis v. Chicago, R. I. & P. Ry. Co.*, 40 Iowa, 292. The district court rightly submitted the questions in the case involving defendant's liability upon all the facts disclosed by the evidence to the determination of the jury.

2. ——: ——: duty to close gate.

III. The jury were instructed in harmony with the doctrines we have stated, and instructions refused were in conflict therewith. There was no error in giving and refusing the instructions.

These views dispose of all questions in the case. The judgment of the district court is

AFFIRMED.