WILLIAM N. NICHOLSON, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1893, and January 8, 1894.

1. **Railroads**: KILLING STOCK: NOTICE. An instruction, if a gate was left standing open for such length of time directly previous to the accident, the defendant knew, or could by the exercise of ordinary care have discovered, it in time to have closed it before stock killed passed through it, then the defendant is liable, is supported by the evidence in this case, as is also an instruction summarized in the opinion which was given for the defendant.

2. **Justices' Courts**: APPEAL: DEFECTIVE AFFIDAVIT: APPEARANCE. A defect in an affidavit for an appeal from a justice's court is waived by the general appearance of the appellee; and a proceeding to trial after making objection to the affidavit waives the objection.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Gardiner Lathrop* and *S. W. Moore* for appellant.

(1) What constitutes reasonable time for a railroad company to be charged with knowledge that a gate is open or a fence down, and to close the one and repair the other, is ordinarily a question for the jury. Where, however, the time is so short, as in this case, it has invariably been held, *as a matter of law*, that negligence cannot be imputed to the railroad company for failure to discover the open gate or broken fence. *Clark v. Railroad*, 62 Mich. 358; *Stephenson v. Railroad*, 34 Mich. 323; *Railroad v. Dickerson*, 27 Ill. 55; *Railroad v. Swearingen*, 47 Ill. 206; *Antisdel v. Railroad*, 26 Wis. 145; *Railroad v. Eder*, 45 Mich. 329; *Railroad v. Swearingen*, 33 Ill. 289; *Vinyard v. Railroad*, 80 Mo. 92; *Fitterling v. Railroad*, 79 Mo. 504; *Davis v. Railroad*, 19 Mo. App. 425; *Ridenore v. Railroad*, 81 Mo. 227; *Morrison v. Railroad*, 27 Mo. App. 418; *West v. Railroad*, 26 Mo. App. 344. (2) The primary obligation to keep a farm crossing gate closed rests upon the land owner. *Adams v. Railroad*, 49 American and English Railroad Cases, 579; *Bond v. Railroad*, 100 Ind. 301; *Railroad v. Williamson*, 23 American and English cases, 203; *Manwell v. Railroad*, 80 Iowa, 662; *Harrington v. Railroad*, 71 Mo. 384. As the affidavit filed by the plaintiff in the justice's court did not state, as required by section 6330, Revised Statutes, 1889, whether the appeal was taken from the merits or an order or judgment taxing costs, the circuit court acquired no jurisdiction of the cause, and the court erred in admitting any testimony. *Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v. Cole*, 49 Mo. 428.

*Porterfield & Pence* for respondent.

(1) The principle decided in *Clarke v. Railroad*, 62 Mich. 358, cited in appellant's brief, is entirely foreign

to the case at bar.  The facts in the case at bar bring it within the rule of *Davis v. Railroad*, 19 Mo. App. 425; *Morrison v. Railroad*, 27 Mo. App. 418; *West v. Railroad*, 26 Mo. App. 344.  All of which are cited in appellant's brief.  (2) The cases cited in appellant's brief on the primary obligations to keep a farm crossing gate closed resting upon the land owner, are not applicable to the case at bar, for the reason that our statute imposes the duty of keeping such gates closed, upon the railroad company.  (3) Appellant makes a point in its brief upon an alleged defect in the affidavit of appeal from the justice's court.  The record, however, shows that the defendant entered its appearance in writing in the circuit court, when the appeal was taken by the plaintiff to said court, and since the circuit court had jurisdiction of the cause, and, by the entry of appearance, gained jurisdiction of the defendant, it could not then complain of an irregularity or defect in the appeal of the plaintiff from the court of the justice of the peace to the circuit court.  *Fitterling v. Railroad*, 79 Mo. 504; *Gant v. Railroad*, 79 Mo. 502; *Reddick v. Newburn*, 76 Mo. 423.  The case of *Spencer v. Beasley*, 48 Mo. App. 97, cited on this point by appellant, does not decide the question at issue.

SMITH, P. J.—This is an action commenced before a justice of the peace to recover damages, under the statute, for injuries to stock.  There was a trial in the circuit court which resulted in judgment for the plaintiff, and from which defendant has appealed.  The evidence tends to show that the defendant let a contract to McGee & Kahman to provide and place willow mats along the side of its track at a point where the waters of the Missouri river were eroding the alluvion formation underlying it.  McGee & Kahman contracted with the Foleys to procure and deliver the willows to be

used for the construction of the mats. These the latter purchased of one Maxwell, who, with plaintiff, owned adjoining lands through which the defendant's road runs. The lands are enclosed by a common fence. There was no partition fence between them. They pastured the lands so enclosed by agreement in common. There is a farm crossing over defendant's road on Maxwell's land. There is a gate at this point through which the crossing is approached. The Foleys, in hauling willows from where cut to the railroad track, passed through this gate. The gate was a sliding one. Five of the witnesses called by plaintiff, some of whom had been engaged in hauling the willows for the Foleys, testified that during the time the hauling was done through the gate that it was always standing open; that they found the gate standing open at half past five in the morning and half past six in the evening during the time the hauling was done. One of them saw it open as late as six o'clock on February 7, 1891, the night the plaintiff's stock were struck and injured by the defendant's cars. They never saw it shut at all until after the injury.

The defendant's section man saw the gate open at 5:30 o'clock the evening before the night the stock were injured, and told the willow haulers to shut it, but did not know whether they did so or not. One of the defendant's witnesses testified that the gate was closed by him at 5:30 o'clock on the evening before the stock was killed. Two of its witnesses testified that the gate was always closed when the willow cutters quit work in the evening.

The plaintiff's stock escaped through this gate from the common enclosure and strayed upon defendant's track when they were injured. There was no dispute but that the stock passed through the gate in question.

The jury were instructed that, if they believed from the evidence that the gate was left standing open for such length of time directly previous to the accident that the defendant knew, or could, by the exercise of ordinary care, have discovered, this fact in time to have closed such gate before the time in question, then the defendant was liable.

The jury were further told, by an instruction for defendant that, if the gate was closed about six o'clock in the evening and that, during the night, some person not in the employ of defendant went through, leaving it open, and that, during the night plaintiff's horses escaped through it and were injured, the verdict should be for defendant.

These two instructions fairly declared the law of the case as applicable to the facts. That given for plaintiff was entirely proper on the facts which his evidence tended to establish. It left it for the jury, as was proper to do, to determine from the evidence whether the gate had been left open for such a length of time previous to the infliction of the injury to plaintiff's stock, that the defendant knew, or could have known, by the exercise of ordinary care, the fact, in time to have closed the gate and prevented the same. Thornton on Railroad Fences and Private Crossings, section 161. Whether the gate's being left open during the two weeks the Foleys were hauling the willows through it, or for a shorter time, raised the presumption of negligence against defendant and charged it with the knowledge that the gate was open, was a matter for the jury to decide. *Wait v. Railroad*, 74 Iowa, 207; *Perry v. Railroad*, 36 Iowa, 102. It was the duty of defendant to close the gate after gaining knowledge that it was open, no difference by whom left open. *Wait v. Railroad, supra; Aylesworth v. Railroad*, 30 Iowa, 459.

There was no evidence that the land owner author-
ized the gate to be opened, or, if so, to be left open day
and night.   It may be fairly presumed that he assented
to the passage of the Foleys' wagons through the gate
while engaged in hauling willows, but there is no evi-
dence that he assented or acquiesced in the leaving of
it open after night, or that he knew that it was so
habitually left open.   Nor is there any evidence that
plaintiff knew the gate was left open day or night, or
that he assented thereto in any way.

The jury, no doubt, found, as they may have well
done under the evidence and instructions, that the gate
had been left open by the willow haulers on the evening
before the plaintiff's stock were injured, and that it had
been so left open continuously for two weeks, or more,
prior thereto.   They evidently did not credit the state-
ment of the defendant's witnesses that the gate had
been closed the evening before the injury.   There was
a sharp conflict in the testimony of the witnesses of
plaintiff and those of defendant on this point..   The
jury must have given credence to that of the plaintiff's
witnesses.   This was a question for them to determine.
The verdict of the jury was clearly for the right party.

The objection that the plaintiff's affidavit for the
appeal from the judgment of the justice did not con-
form to the requirements of section 6330, Revised Stat-
utes, was waived by the defendant's general appearance
in the circuit court.   It is true that it made an objec-
tion thereto the jurisdiction of the court; but it did not
stand on the objection, but, after making the same,
proceeded to the trial of the case.   This, we think,
constituted a waiver of the objection.

The circuit court had, under the law, jurisdiction
of the action without reference to the appeal, and the
general appearance of defendant to the action and the
proceeding to trial gave the circuit court the requisite

jurisdiction of the parties. *Pearson v. Gillett*, 55 Mo. App. 312; *Welch v. Railroad*, 55 Mo. App. 599; *Sampson v. Thompson* (decided at the present term).

We have considered the other objections urged by defendant, but find the same destitute of merit.

The judgment will be affirmed. All concur.