JOSEPH BOX, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 14, 1894.

1. **Railroads:** FARM CROSSING: OPEN GATE. The adjoining landowner has the right to open and close the gate at his farm crossing at his own convenience or as often as his necessities demand. These necessities could not be known by the company's employees. The law does not impose on a railroad the unreasonable duty of keeping a watchman at a farm crossing to close the gate when the landowner

Box v. The A., T. & S. F. R'y Co.

leaves it open. It is the duty of the owner after using the gate to close and keep it closed, and if he fails to do so the railroad company is not liable for stock killed without the negligence of those operating the train.

2. ———: ———: ———: SCIENTER. When a gate is left standing open for a considerable time prior to the injury and the company has knowledge thereof it is guilty of negligence.

3. ———: ———: ———: JURY QUESTION. Whether a gate has been left open for such length of time before the injury that the company knew, or ought to have known, thereof is ordinarily a jury question; but the time between the opening of the gate and the injury may be so short that the court may declare as a matter of law there is no negligence.

4. ———: ———: ———: INSTRUCTION. The instructions given in this case as to the question of negligence in leaving open the gate at a farm crossing are reviewed and defendant's instructions approved and plaintiffs' instruction submitting the question of knowledge to the jury is *held* inapplicable to the facts; but the verdict of the jury for the defendant is sustained as the inapplicable instruction constituted no ground for setting it aside.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED *(with directions).*

*Gardiner Lathrop, S. W. Moore* and *Cyrus Crane* for appellant.

(1) This raises squarely the question as to whether the second instruction given on behalf of the defendant was a correct declaration of law as applicable to the facts of this case. This was a gate at a farm crossing, put in at the request of the adjoining owner. It was then, in the language of the statute, "for the use of the proprietors, or owners of the land adjoining." Can it be said that defendant after complying with a part of its statutory duty in erecting the gate will be permitted to defeat the plain purpose of the statute by preventing or stopping the use of the gate by the

Box v. The A., T. & S. F. R'y Co.

adjoining owner. It seems to us that the statute gives the landowner a right to use these gates in a lawful and proper manner without hindrance, or obstruction by the railroad company. *Clark v. Railroad*, 62 Mich. —; *Stephenson v. Railroad*, 34 Mich. 323; *Railroad v. Dickerson*, 27 Ill. 55; *Antidsel v. Railroad*, 26 Wis. 145; *Railroad v. Swearingen*, 33 Ill. 289; *Railroad v. Elder*, 45 Mich. 329; *Vinyard v. Railroad*, 80 Mo. 92; *Fitterling v. Railroad*, 79 Mo. 504; *Ridenore v. Railroad*, 81 Mo. 227. We do not claim that the railroad company is under no duty whatever to close these gates, at private farm crossings, but we do most strenuously insist that it is primarily the duty of the landowner or his tenant or licensee to close the gate after it has been in use by either of them, and that in this case defendant's section foreman had a right to presume that this duty would be performed and that he was not required to stand by the gate, until parties using it had finished, to see that they complied with this duty. *Adams v. Railroad*, 46 Kan. 161; *Bond v. Railroad*, 100 Ind. 301; *Railroad v. Williamson*, 23 Am. and Eng. Railroad Cases, 203; *Maxwell v. Railroad*, 80 Iowa, 662; *Diamond Brick Co. v. Railroad*, 12 N. Y. S. 22; s. c., 58 Hun, 396; Thornton on Railroad Fences and Private Crossings, sec. 152. (2) The plaintiff can have no greater rights than Maxwell, the adjoining owner. *Adams v. Railroad*, 46 Kan. 161, loc. cit. 165; *Harrington v. Railroad*, 71 Mo. 384. (3) The first instruction given on behalf of the defendant was not applicable to the facts of this case and ought not to have been given. Those cases, where the question has been left to the jury as to whether railroad companies were chargeable with knowledge of the open condition of these gates and would be guilty of negligence in not closing them if they had or ought to have had this knowledge, are, in every instance, cases

Box v. The A., T. & S. F. R'y Co.

where through some unknown cause the gate had come open or where some person had opened it and, in either event, it was left standing open (not because in use) for some considerable time prior to the time of the injury. In other words, they are cases where the gates were simply left standing open because of the carelessness or laziness of the persons opening them. This was the fact in all of the following cases relied upon by plaintiff. *West v. Railroad,* 26 Mo. App. 344; *Davis v. Railroad,* 19 Mo. 425; *Morrison v. Railroad,* 26 Mo. App. 344; *Waite v. Railroad,* 74 Iowa, 720; *Perry v. Railroad,* 26 Iowa, 102. If there was anyone to be charged with negligence on account of the open condition of the gate under the circumstances it was Maxwell and Toley, and their negligence can not be imputed to defendant. *Henderson v. Railroad,* 43 Iowa, 620, *loc. cit.* 623; also, in the case of *Henderson v. Railroad,* 39 Iowa, 220. (4) The first instruction given for plaintiff, and the second instruction given for defendant, were not misleading, but when construed together properly declare the law of the case. *Zimmerman v. Railroad,* 71 Mo. 476, *loc. cit.* 491. (5) In a case where there was abundant evidence to support the verdict of the jury, but the plaintiff's instruction was general, while two of those given for defendant were special and limited the application of plaintiff's instruction, the court said: "While there is a seeming inconsistency in these instructions, still the judgment ought not to be reversed." *Barry v. Railroad,* 98 Mo. 62, *loc. cit.* 73.

*Porterfield & Pence* for respondent.

(1) The appellate court in reviewing the action of the trial court in granting a new trial, is not confined to the grounds stated in the order of the court grant-

Box v. The A., T. & S. F. R'y Co.

ing the new trial. *Lovell v. Davis*, 52 Mo. App. 342; *Hewitt v. Steele*, 24 S. W. Rep. (Mo.) 440, 443. It will be presumed, in the absence of a showing to the contrary, that the trial court placed its finding upon the correct ground; and that where appellant fails to bring into the record the information necessary to a proper determination of the appeal, the presumption will be indulged that the action of the lower court was proper and lawful and the judgment will be affirmed. 2 McQuillin's Pl. and Pr., sec. 2068, and numerous cases cited; *Brand v. Cannon*, 24 S. W. Rep. (Mo.) 434; *Calvert v. Bates*, 44 Mo. App. 626; *Pembroke v. Railroad*, 32 Mo. App. 61, 68, 69. *The Aultman & Taylor Co. v. Smith*, 52 Mo. App. 351; *Goodson v. Railroad*, 23 Mo. App. 76; *Nichols v. Nichols*, 39 Mo. App. 291; *Deering v. Collins*, 38 Mo. App. 80; *Bank v. Davidson*, 40 Mo. App. 421; *Hattan v. Mining Co.*, 40 Mo. App. 448; *State v. Harkins*, 100 Mo. 666; *Christ v. Railroad*, 36 Mo. App. 663; *Brand v. Cannon*, 24 S. W. Rep. 434; *Bradley v. Bradley*, 24 S. W. Rep. 757. (2) This case is in every respect the same as the case of *Nicholson v. Railroad*, 55 Mo. App. 593. The record of the two cases abundantly shows this fact. In addition thereto we would suggest that the appellant in this case uses the same authorities, and only the same, that it used in its original brief in the *Nicholson case*, and its later brief on the motion for a rehearing in that case. And every authority in appellant's brief has been fully considered by this court in the *Nicholson case*. (3) The argument in the first division of appellant's brief proceeds entirely upon the theory that the gate was being used by the adjoining landowner the day before the accident complained of, and was left open by him, or by some one or more persons acting for him,—a fact assumed or imagined by the appellant, and nowhere to be found in the record. See opinion

Box v. The A., T. & S. F. R'y Co.

in *Nicholson case, supra.* (4) Defendant's second instruction nullifies the statute. under which this suit is brought. "It was the duty of the defendant to close the gate after gaining knowledge that it was open, no difference by whom left open." *Nicholson v. Railroad, supra,* and cases cited; *Woods v. Railroad,* 51 Mo. App. 500 *loc. cit.* 503; *Davis v. Railroad,* 19 Mo. App. 425; *Parks v. Railroad,* 20 Mo. App. 442; *West v. Railroad,* 26 Mo. App. 344; *Morrison v. Railroad,* 27 Mo. App. 418; *Railroad v. Harris,* 54 Ill. 528; Thornton on R. R. F., and Private Crossings, sec. 145. (5) The appellant is liable if the Foleys, who were doing business with or for the appellant, left the gate open. Thornton on R. R. F. and Private Crossings, sec. 145; *Silver v. Railroad,* 78 Mo. 528. The *Silver case* is decisive of this point. *Shepard v. Railroad,* 35 N. Y. 641; *Hole v. Railroad,* 6 Hurl. & N. Rep. 488; *Lowell v. Railroad,* 23 Pickering, 24; *McCafferty v. Railroad,* 16 N. Y. 178. (6) Whatever may have been the attitude of Maxwell towards the Foleys with relation to the use of the gate, there is no evidence that plaintiff knew anything about it, and his rights can not be affected by the assent of Maxwell to the use of the gate, if there was any such assent. *Nicholson v. Railroad, supra; Thomas v. Railroad,* 82 Mo. 538, *loc. cit.* 542, and cases cited; *Nolon v. Railroad,* 23 Mo. App. 353, *loc. cit.* 356. We can give no better answer to the fourth point in appellant's brief than the construction put upon the evidence of defendant's witnesses Foley and Higgins in the opinion of this court in the *Nicholson case, supra.*

SMITH, P. J.—This is an action brought by plaintiff against the defendant under the provisions of the statute, section 2611, to recover damages for injury to two mules of the plaintiff. The essential facts of this

Box v. The A., T. & S. F. R'y Co.

case are conceded to be identical with those of Nicholson against the same defendant, decided by us at the last term, 55 Mo. App. 593. No other statement of this case need be made other than a reference to that.

This case, it may, however, be stated, comes here by appeal from an order of the trial court setting aside the verdict, which was for defendant. It appears the ground upon which the court set aside the verdict was that it had erred in the giving of two misleading instructions, number 1 for plaintiff and number 2 for defendant, the latter of which told the jury: "Although you may believe from the evidence that at about 5:30 o'clock P. M. of the day before the night of the injury to plaintiff's stock the section foreman passed along the track and saw the gate open, yet, if you further believe from the evidence that the gate was then open and in use by any person or persons by the consent, permission of, or under contract with the adjoining landowner, then no duty rested upon the section foreman or the defendant to close the gate under such circumstances and if you further believe from the evidence that the person or persons so using the gate failed to close it thereafter, and some time during the night plaintiff's animals escaped through it onto the railroad track and were killed, your verdict will be for the defendant."

The statute, section 2611, *supra*, requires every railroad company in this state to erect and maintain lawful fences on the sides of its railroad where it passes through cultivated fields with openings and gates therein for the use of the proprietors or owners of the land adjoining such road. The witness, Barney Doyle, who was called for plaintiff, testified that in February, 1891, he was section foreman for the defendant and that he remembered about the circumstances of the plaintiff's mules getting hurt; that it was his business to see that

Box v. The A., T. & S. F. R'y Co.

the gate was closed when the men were not working there, but that he could not shut it when they were working. This was the orders of defendant's road-master; that he passed the gate at half past 5 o'clock in the evening before the accident and at that time it was open and the men were hauling willows through it out on the right of way; that the next time he saw the gate it was the following day about 1 o'clock when it was standing open.

The gate through which the plaintiff's mules escaped had been erected by the defendant, in compliance with the statute, for the use of the adjoining landowner. He had the right to open and close it at his convenience or as often as his necessities demanded. When he might desire to open and use it or how long it might be necessary that it should remain open the employees of the defendant could not know. He might open and close it at his convenience without the knowledge of the defendant. The law does not impose upon a railroad the unreasonable duty of keeping a watchman stationed at each farm crossing to close the gate whenever the landowner shall leave it open. It is the duty of the landowner, his tenant and employee after using a gate to close it and keep it closed, and if he neglects to do so and his stock is killed or injured without the negligence of those operating the trains, the railroad company ought not to be held liable. *Adams v. Railroad*, 46 Kan. 161; *Clark v. Railroad*, 62 Mich. 360; *Bond v. Railroad*, 100 Ind. 301. When a gate is left standing open, by no difference whom, for a considerable time prior to the injury and the railroad company has or ought to have knowledge of its open condition it is guilty of negligence. *West v. Railroad*, 26 Mo. App. 344; *Davis v. Railroad*, 19 Mo. 425; *Morrison v. Railroad*, 26 Mo. App. 344; *Waite v. Railroad*, 74 Iowa, 207; *Perry v. Railroad*, 26 Iowa, 102. The defendant's

foreman knew the gate in question was open at 5:30 P. M. of the day previous to the accident. It was open by the permission of the adjoining owner. It was, then, not the duty of the foreman to close it. He told the men using the gate to close it, which was all he could do. He was not required to stop then and wait to see whether the gate was closed by them and, if they failed, to close it himself. He did not know that they had left it open when they quit using it. The instruction told the jury that if they believed that it was left open by the persons using it and some time during the night the plaintiff's mules escaped through it onto the defendant's railway track and were there killed, their verdict should be for defendant.

The question whether a gate has been left open for such a length of time before the happening of the injury in consequence thereof, that the railroad company knew, or ought to have known, of the open condition, is ordinarily a question that should be left to a jury, but there may be cases where the time intervening between that of leaving the gate open and the escaping of the stock through it is so short that the court may declare as matter of law that no negligence is imputable to the railroad company for its failure to discover the fact. In *Stephenson v. Railroad*, 34 Mich. 323, a railroad fence was discovered on fire about 6 or 7 o'clock in the evening, and the section foreman getting notice thereof at about 8 o'clock that evening having proceeded the next morning, before 6 o'clock, to repair the same as soon as practicable from the nearest materials belonging to the company, which were about half a mile distant, it was held that the company was not guilty of a breach of their duty, under the statute to repair the same without unreasonable delay. A much stronger case than the one at bar is reported in 47 Ill. 206, *Illinois Central Railway Co.*

Box v. The A., T. & S. F. R'y Co.

*v. Swearingen.* There an employee of the company, whose duty it was to keep fences in repair, passed over the road at 4 o'clock P. M., Saturday, and found the fences in repair, and again on Monday morning passed over the road and found that the fence had been recently broken and that through such breach stock got upon the road and were injured. It was held that the company had shown reasonable diligence in keeping the fences in repair and was not liable. "When the proper agent of the company, whose duty it was to look to and keep the fence in repair, is shown to have seen it in good repair on Saturday afternoon at 4 o'clock and again on Monday morning, we are at a loss to understand how there was any neglect of duty on the part of the appellant. This would seem to be reasonable diligence in the discharge of their duty to the public and to the owners of stock along the line of the road." Where the section foreman passed along the road at 6 o'clock in the evening and found the fence up, but it was down at six the next morning, the company was held not liable. *Illinois Central Railway Co. v. Dickerson*, 27 Ill. 55. In *Railroad v. Elder*, 45 Mich. 329, the section foreman passed the place at 9 o'clock in the forenoon and saw that the fence was in good condition, and did not discover fire, or know anything about it, until the next morning, and the fire occurred at noon, and cattle were killed at 6 o'clock, P. M., it was held that where the fences had been accidentally destroyed by fire after the track inspector had made his daily inspection, and the fact was not known until after the injury had been done, the company was not guilty of negligence. In *Vinyard v. Railroad*, 80 Mo. 92, a railroad company's fence had been down one or two days, and stock escaped and were killed by the defendant, the trial court found that this was not evidence of negligence and this finding was approved by the supreme

court of the state, on appeal. *Fitterling v. Railroad*, 79 Mo. 504; *Ridenore v. Railroad*, 81 Mo. 227.

Whether the gate was left open by the willow haulers using it on the evening of the day preceding the accident, or whether it was then closed by them and subsequently during the night left open by a stranger, so that the plaintiff's mules were enabled to escape through it onto the defendant's railway track, the result would be the same, for in either case the defendant could not as a matter of law be declared guilty of negligence. The defendant's instruction which we have quoted, announced a correct proposition of law as applicable to the facts which the evidence tended to prove, and was therefore properly given.

The plaintiff's first instruction, which told the jury that, "If the said gate was left standing open for such length of time directly previous to the accident, that the defendant knew or could by the exercise of ordinary care have discovered this fact in time to have closed the gate," there was liability, ordinarily would be unexceptionable in its enunciation, but in a case where the facts are as here, it is inapplicable. The duty of the willow haulers was to shut the gate each evening after they got through using it. The defendant had a right to presume on the performance of this duty. If the willow haulers did not shut the gate at the close of each day's use of it so that it remained open continuously during the two weeks' time they used it, or if they permitted it to remain open at long intervals of time, this constituted negligence on their part. This was the direct and proximate cause of the injury. Since the evidence discloses the fact that the willow haulers left the gate open for their own convenience it does not lie in the mouth of the plaintiff to complain of the defendant for not shutting it. The plaintiff must be held to have assumed the risk of the

willow haulers leaving the gate open. *Brick Co. v. Railroad*, 65 Hun, 396. The giving of this instruction though approved by us in the analogous case of *Nicholson v. Railroad, supra,* was inapplicable to the facts there as well as here and should not have been given in either.

Notwithstanding the court at the instance of plaintiff gave plaintiff the advantage of the inapplicable rule announced by this instruction the jury found against him. He got an advantage that he was not entitled to. And though erroneous in so far as applicable to this case and inconsistent with the defendant's second, it constituted no ground for setting aside the verdict. *Blackwell v. Baily*, 1 Mo. App. 328; *Lohse v. Railroad*, 44 Mo. App. 646. Nothing is perceived in any of the instructions which justifies the action of the trial court in disturbing it.

The other questions suggested in the briefs of counsel are sufficiently answered by the rulings in the *Nicholson case*.

The order of the trial court from which the defendant has appealed will be reversed and cause remanded with directions to reinstate the verdict of the jury and enter thereon judgment accordingly. All concur.