KRAAS & THURMAN, Appellants, v. THOS. J. SHIPP, Respondent.

Kansas City Court of Appeals, February 1, 1897.

Justices' Courts: APPEALS: DISMISSAL: JURISDICTION. Motion to dismiss the appeal in this case was properly refused since sufficient bond and affidavit were filed as required by statute; and one who submits to appellate jurisdiction waives objections thereto.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*J. Allen Prewitt* for appellants.

(1) On the hearing of plaintiffs' motion to dismiss for want of sufficient bond, the court found that defendant's bond was not sufficient. The appeal should then have been dismissed. R. S. 1889, sec. 6340. The court exceeded its authority in ordering defendant to file any bond and in continuing the cause (especially at plaintiffs' cost) before its jurisdiction was perfected. *State v. Thompson*, 81 Mo. 163; *Spencer v. Beasley*, 48 Mo. App. 97; *Welsh v. R'y*, 55 Mo. App. 599; *Greischar & Kepple v. Alexander*, 56 Mo. App. 56. (2) There is no authority in the statutes (sec. 6340) whatever for ordering an additional bond although such

bond be cumulative. *Kellogg v. Linger*, 60 Mo. App. 571. (3) As defendant's appeal bond was not sufficient to give the court jurisdiction over the subject-matter by the appeal, the only act it could perform was to dismiss the appeal from its docket. The same can be said of the affidavit. *McIver v. Wattles*, 9 Wheat. 650; *Strader v. Graham*, 18 How. 602; *Bradstreet v. Potter*, 16 Pet. 318; *Hornthall v. The Collector*, 9 Wall. 560; *Mitchell v. Kennedy*, 1 Wis. 511; *Pratt v. Brown*, 4 Wis. 188; *Bartels v. Hoey*, 3 Colo. 279. (4) "The circuit court has no jurisdiction of a matter already decided in another court unless it is brought into court under the statute and according to its provisions." *Robinson v. Walker*, 45 Mo. 117; *Green v. Costello, Adm'r*, 35 Mo. App. 133 (on rehearing.)

*George N. Longfellow* and *John W. Clements* for respondent.

(1) The circuit court had jurisdiction. R. S. 1889, secs. 6328 to 6340 inclusive. *Welsh v. R'y*, 55 Mo. App. 599–606, and cases cited. Papers that are amendable in a court are within the jurisdiction of the court. Authorities above cited and *Hardin v. Lee*, 51 Mo. 245. The allowance of the appeal by the justice and the approval of defendant's appeal bond were judicial acts. *Werthmer v. Howard*, 30 Mo. 420; *R. R. v. Franks*, 55 Mo. 327. (2) The circuit court has power to order an additional or cumulative bond. *State v. Levalley*, 9 Mo. 834; *Lucas v. O'Fallen*, 40 Mo. App. 551; *Walter v. McSherry*, 21 Mo. 76. (3) The first affidavit for appeal was sufficient. *Myers v. Woolfolk*, 3 Mo. 248; *Hazeltine v. Reusch*, 51 Mo. 50; *Franse v. Owens*, 25 Mo. 329; *Morse v. Brownfield*, 27 Mo. 224; *Rutherford v. Wimer*, 3 Mo. 12. Defendant's second or amended affidavit for appeal was correct in form.

R. S. 1889, sec. 6330; *Greischar & Kepple v. Alexander*, 56 Mo. App. 59. (4) The circuit court had original jurisdiction of the subject-matter of this action without reference to the appeal. Plaintiffs' general appearance to the action and proceeding to trial was sufficient to give said court jurisdiction of the parties; and the mere fact that plaintiffs' attorneys raised objection to the jurisdiction of the circuit court will avail them nothing in this court, unless they had chosen to stand on such objection, and refused to participate in the trial. *Nicholson v. R'y*, 55 Mo. App. 593–599; see pages 598 and 599, and cases cited. Acts of 1891, p. 108.

GILL, J.—Plaintiffs sued the defendant by attachment in a justice's court. Defendant was a nonresident and no plea in abatement was filed. Trial was had before the justice on the merits, resulting in plaintiffs' favor, and defendant appealed to the circuit court, where there was a verdict and judgment for defendant, and plaintiffs have brought the case here.

The only matter complained of on this appeal is the action of the circuit court in declining to dismiss defendant's appeal from the justice. The case was appealed from the justice in May, 1895, when defendant filed in that court a bond and affidavit. The appeal bond was in the penal sum of $250, whereas the judgment before the justice was for $200, with some forty odd dollars costs. In the circuit court plaintiffs filed a motion to dismiss the appeal "because the bond in appeal filed herein by the defendant is not a good and sufficient bond," etc. The court heard this motion and ordered the defendant to file an additional bond in the sum of $50, making, in all, security to the amount of $300. A few days thereafter defendant filed an additional bond

*[margin note: JUSTICES' courts: appeals: dismissal: jurisdiction.]*

in the sum required.    The cause was continued on the order of the court to the next term, and at plaintiffs' costs; and then plaintiffs filed another motion to dismiss the appeal for the alleged reason that neither the affidavit nor bond therefor was sufficient, or, in other words, that both were defective.    Before the latter motion was determined defendant filed an amended affidavit and also a new bond in the penal sum of $300, and thereafter the motion to dismiss the appeal coming on to be heard, the court overruled the same.

We fail to see in the action of the circuit court any reversible error.    In treating these appeals from justices of the peace, the manifest purpose of our statute is to protect them from technical errors or defects appearing in such proceedings before the justice, provided only— as in case of a defective affidavit for appeal or defective or insufficient bond—that the appellant file the proper affidavit or make a sufficient bond in the circuit court to which the action has been appealed.    Section 6340 provides that "no appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required or enter into such recognizance as he ought to have entered into before the allowance of the appeal," etc.    In this case the appellant did file a proper affidavit and give a good and sufficient bond; and since the plaintiffs were thereby sufficiently protected there was no good reason for denying the defendant the right to try his case anew in the circuit court.

In addition to all this, after the last affidavit and bond were filed and adjudged sufficient the plaintiffs submitted to the jurisdiction of the court, went to trial

on the merits, and were defeated. It is now too late to complain of the want of jurisdiction; they must be treated as having waived the objection. *Nicholson v. R'y* , 55 Mo. App. 593.

Judgment affirmed. All concur.